## WINTON v. SPRING.

W. ENTERS into a contract with S. for the purchase from him of land for $25,000—$4,000 cash, $10,500 Oct. 15th, 1858, remainder in a year thereafter. Cash payment was made, and W. took and held possession for nearly a year. The parties then indorsed on the contract this agreement, to wit: "For value received, we hereby cancel the annexed and within agreement, and mutually agree and discharge each other from all the covenants and agreements therein contained; and the said Winton, the purchaser, hereby surrenders possession of the within described premises to the said Spring:" Held, that W. cannot recover the $4,000 paid; that the word "cancel," as used, is not equivalent to "rescind;" and that as nothing is said in the agreement about putting the parties in statu quo, and refunding the $4,000, the true construction is, that the parties meant to exclude what they did not directly express.

APPEAL from the Twelfth District.

The contract to which the paper set out in the opinion of the Court refers, was an executory contract, entered into between Spring, of the first part, and Beard and Winton, of the second part, dated Sept. 3d, 1857, by which the former agrees to sell to the latter certain land for $25,000, payable $4,000 cash, and $10,500 on the fifth of October, 1858, with interest; on the payment of which latter sum Spring was to execute and deliver a deed of the land, taking a mortgage for the balance of the purchase money. Beard and Winton paid the $4,000, and took possession. October 4th, 1858,

plaintiff, who had bought out Beard, and defendant met and entered into the agreement stated in the opinion, and indorsed it on the above contract of purchase and sale, and Spring resumed possession of the land.

Plaintiff sues to recover the $4,000 cash payment; and the complaint sets out the original agreement with the indorsement, and relies entirely upon the latter as "*canceling*" the former, and hence entitling plaintiff to recover. There is no allegation that the contract was "rescinded," or that defendant agreed to repay the money. Defendant demurred. Judgment final for defendant on the demurrer. Plaintiff appeals.

*Heydenfeldt,* for Appellant.

Money paid in part performance of a contract can be recovered back on a mutual abandonment of the contract. (*Sims* v. *Hutchins,* 8 S. & M. 328; *Battle* v. *Rochester City Bank,* 5 Barb. 414.) Rescission implies the promise to repay; and no proof of conversations anterior to the rescission is allowed to qualify its effects. (*White* v. *Wood,* 15 Ala. 358; *Raymond* v. *Bernard,* 12 Johns, 274.) The instrument here is executory. It is not like a title deed to real estate, or a bill of sale of personal property. It conveyed no absolute right in the defendant to the money paid. The agreement to cancel was not, therefore, an attempt to destroy a title which had vested in the defendant by canceling an instrument which was evidence of the title. The cancellation went to the whole contract, and left the parties' rights as they were before the contract. The abandonment made the implied promise to repay; nothing has occurred to relieve that promise. A contract may be rescinded or annulled. (*Green* v. *Green,* 9 Cow. 50; *Depeyster* v. *Pulver,* 3 Barb. 287; 1 Gill, 311.) And the party may recover back. If it is rescinded in part, it is rescinded *in toto.* (*Raymond* v. *Bernard,* 12 Johns, 274; *Hunt* v. *Silk,* 5 East. 449.) Cancellation and rescission are the same. (*Reed* v. *McGreer,* 5 Ohio, 378; Webster's Dictionary.)

*Crockett & Crittenden,* for Respondent.

The complaint shows no cause of action. 1. It does not aver

any promise by defendant to refund the $4,000, and no presumption of a promise arises upon the case stated. ·

2. Both in their common and technical use there is a material distinction between the words *rescind* and *cancel.*

The effect of a rescission of a contract is to restore the parties to their former position; while that of a cancellation is merely to abrogate so much of the contract as is then unperformed. The one refers to the state of things existing when the contract was made, the other to the state of things at the time of its cancelation. Cancellation, unlike rescission, does not reinvest a party with any title, right or interest with which he had parted; and this rule applies upon a sale of personal as well as real property. (Webster's Dic. words Cancel, Rescind; 1 Burrill's Law Dic. 177; 1 Bouvier's Law Dic. 200, and cases cited; Smith on Real and Personal Prop. 734, and cases cited.)

3. The real question is one of construction : What did the parties intend by their agreement of cancellation ? When ascertained, that intention must prevail. Even if the word " recission " had been used, it could not be construed in its technical sense, if it was apparent that a different meaning had been attached to it by the parties. 1. Such a construction would be unreasonable, and contrary to the very object of the parties; for it would leave open for future settlement the conflicting claims which it was the object of the agreement then to settle. 2. Such a construction would be inconsistent with the other clauses of the agreement; for it would take away from them all significance and force, and make them mere surplusage. The parties provide, in terms, for a release of existing covenants. This clause can apply to no covenant already performed. (2 Bouvier's Law Dic. 439 ; Smith on Real and Personal Prop. 557, 558, 549, and cases cited.) And they provide for the surrender of possession of the land. Having undertaken, as they do, to state specifically the terms and effects of their agreement, they must be held to have expressed them all; and the Court cannot, by construction, add another.

The omission to provide for the repayment of the money is equivalent to a declaration that it was not to be repaid; silence is here as expressive as words. If the term " rescind " had been

used as expressive of the general intention, it would be controlled in its meaning by the subsequent special provisions of the agreement, in which the parties express in detail what they intended. But they used the word "cancel," and clearly in the sense for which we contend.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The question in this case arises upon a proper construction of this paper : " For value received, we hereby cancel the annexed and within agreement, and mutually agree and discharge each other from all the covenants and agreements therein contained ; and the said Winton, the purchaser, hereby surrenders possession of the within described premises to the said Spring." It seems the contract so canceled, stipulated for the purchase and sale of land ; the price to be paid was $25,000—$4,000 in cash, and the remainder at subsequent periods.

The plaintiff contends, that this agreement being canceled as above shown; the effect was, as in the ordinary case of a rescission of a contract, to put the parties *in statu quo*, and having paid the $4,000 in the execution of the agreement, he is entitled to recover it back. We think not. The agreement of cancellation evidently was intended to effect a complete settlement in regard to the subject ; it discharges the parties from all covenants and agreements in the original contract, and provides for a surrender of the premises. Nothing is said or done in reference to the refunding of the $4,000. If the intention was to place the parties *in statu quo*, and this were supposed to be effected by the use of the word *cancel*, as an equivalent to the word *rescind*, it is probable that language more unequivocal would have been employed. The latter clause of the agreement in respect to the possession would be tautological in this view ; for the restoration of possession would follow from the use of the word cancel in the first line. Besides, it is to be supposed that the party in possession, having paid his money, would not abandon the possession, until he got a return of it, or some provision was made for securing it. He would scarcely have left so large an amount a matter of open account. Nor is it probable that the ques-

tion as to the rents and profits of the land would be left unliquidated. It is much more probable that when parties come to an arrangement of a business matter, they settle all the terms of the contract, than that they leave them unadjusted. The word "cancel," applied to the agreement, under the circumstances, means no more than "doing away with" an existing agreement upon the terms and with the consequences mentioned in the writing. What is not said, is excluded ; and whatever was meant to be obligatory was expressed.

Judgment affirmed.