[Civ. No. 1365.   First Appellate District.—September 28, 1914.]

## CREDIT CLEARANCE BUREAU (a Corporation), Respondent, v. GEORGE A. HOCHBANN CONTRACTING COMPANY (a Corporation), et al., Appellants.

Contract—Written Agreement of Subcontractor—Substitution of Oral One.—Where a subcontractor doing plastering under a written contract threatens to abandon the work, claiming that the situation was misrepresented to him, in consequence of which he has undertaken the work at too low a price, and as a result of the differences thus arising he and the construction company enter into an oral agreement whereby he is to continue the work as superintendent and be paid the actual cost of the labor and materials, and the contract is "to be turned into a day's work job," the oral agreement is not a modification of the prior written contract, within the rule of section 1698 of the Civil Code that a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise.

Id.—Consideration—Settlement of Dispute Between Parties.—Such oral agreement, being based "on the existence and settlement of disputes between the parties," is not invalid for want of consideration.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

H. M. Anthony, for Appellants.

Edwin H. Williams, and L. S. Melsted, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment and from an order denying defendants' motion for a new trial.

The facts of this case are simple, and the questions of law are not difficult of solution.   George A. Hochbann Contracting Company had a general contract for the construction of a certain building in San Francisco.   This company entered into a sub-contract in writing with G. W. Burke, the assignor of the plaintiff, under the terms of which Burke was to do the plastering work on the building.   The points in the case involve the questions: 1. Whether or not the work on the sub-

contract was done under the written contract or under an alleged oral contract; and, 2. If under the oral contract, whether or not that contract was void for lack of consideration.

As to the first of these contentions, it is sufficient to say that we have carefully read the record, and find ample evidence to sustain the finding that the work was done under an oral contract.  As to the second point, we find no force in defendants' position that the oral contract, which was substituted for the former written contract, was without consideration, and hence void.  It appears, according to the evidence introduced by the plaintiff, that Burke was proceeding very slowly with the work agreed to be done by him in the written agreement, and threatened to abandon the contract, claiming that the work had been misrepresented to him, in consequence of which he had undertaken the contract at too low a price.  As a result of these differences Burke and the Construction Company ultimately entered into an oral agreement, whereby Burke was to continue the work as superintendent thereof, and the defendants were to pay him the actual cost of the labor and materials used therein, "and the contract was to be turned into a day's work job."  The court having found, as it did, that the oral agreement was substituted in the place .and stead of the old agreement, and that the latter was canceled, the oral agreement is not to be held to be a modification of the prior written agreement, and therefore ineffectual for that purpose under the terms of section 1698 of the Civil Code. (*Pearsall* v. *Henry,* 153 Cal. 314, 325, [95 Pac. 154, 159].)

Nor was the oral agreement void for lack of consideration, it being based, as disclosed by the evidence, "on the existence and settlement of disputes between the parties."   (*Pearsall* v. *Henry,* 153 Cal. 314, [95 Pac. 154].)

The court found on all the material allegations framed by the pleadings.

The judgment and order appealed from are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 27, 1914.