[S. F. No. 7265. Department Two.—June 1, 1917.]

## J. BOAS, Appellant, v. F. T. KNEWING, Respondent.

CONDITIONAL SALE—DEFAULT OF VENDEE—RETURN OF PROPERTY—REMEDIES OF VENDOR.—Under a contract for the conditional sale of an automobile, which provided for its return by the vendee in case of his default in paying deferred installments of the purchase price, the vendor, upon such default, may either sue to recover it, or for the purchase price, but he is not entitled to the property and the price also.

ID.—THREAT OF VENDOR TO REPLEVIN—ELECTION OF REMEDY—RETURN BY VENDEE. — A notice by the vendor's assignee to the vendee threatening. to replevin the automobile unless defaulted payments were made by a certain time is the manifestation of an election to take the property rather than to sue for the price; and the return of the property by the vendee within the time limited by the notice took away the right to sue for the purchase price.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge.

The facts are stated in the opinion of the court. ·

Samuel M. Samter, for Appellant.

H. U. Brandenstein, for Respondent.

MELVIN, J.—The plaintiff appeals from the judgment on the judgment-roll.

The suit was by J. Boas upon three certain promissory notes made payable to H. O. Harrison Company. Each of these notes was dated August 30, 1913, and bore interest at the rate of six per cent per annum. The first one, which was for the principal sum of five hundred dollars, was payable one month after date; the second, for five hundred dollars, payable two months after date; and the third, for one thousand dollars, payable four months after date.

The defendant pleaded that the notes were of a series of four given for the purchase at a conditional sale of an automobile for the price of two thousand five hundred dollars in accordance with a certain written agreement which was pleaded, and it was alleged that following the terms of said contract the

defendant had restored the property and that the considera-
tion for the notes had thus ceased to have any existence.

The facts as disclosed by the findings are as follows: By the
written agreement of even date with the three notes pleaded
and a fourth for five hundred dollars and interest payable five
months after date, defendant promised to pay to the order of
H. O. Harrison Company the sums represented by said notes.
The contract recites that the notes are given upon the con-
sideration that the Harrison Company has promised upon pay-
ment thereof, principal and interest at maturity (time being
of the essence of the contract), to sell and transfer to F. T.
Knewing a certain described automobile which was on the
day of the execution of the contract and notes "entrusted to
the care" of said Knewing. It is admitted and agreed by the
terms of the contract that the said property so entrusted is the
property of H. O. Harrison Company, to remain "in them
until they shall make the aforesaid sale and transfer" after
payment of the principal and interest of the notes. By this
instrument Knewing agrees to return the automobile to H. O.
Harrison Company in good order, "in case any or all of the
above-mentioned notes remain unpaid at maturity."

On September 4, 1913, the plaintiff discounted the four notes
and they with the contract were duly indorsed and assigned
to him. At the time of the filing of this suit (January 3,
1914) the date of maturity of the fourth note had not arrived.

On maturity of the first note, Mr. Knewing, who had been
notified of the transfer of the paper to plaintiff, called upon
the latter and requested an extension of said note, which was
granted, and on October 3, 1913, Mr. Boas wrote to Mr. Knew-
ing informing him that the time of payment of said note for
five hundred dollars had been extended until the tenth day
of October, 1913. On October 11th plaintiff notified defend-
ant that unless the note was paid by the 14th of that month,
at 10 o'clock A. M., he would replevin the car. On the latter
date defendant called upon H. O. Harrison Company, re-
quested a further extension, was told that the notes and con-
tract were owned and controlled by plaintiff, and thereupon,
before the hour of 10 o'clock A. M., defendant left the auto-
mobile in the garage at the rear of the office of H. O. Harri-
son Company, and separated from said office by a partition.
On the following day, upon the discovery of the car in the
garage, H. O. Harrison Company notified plaintiff that it was

there. On the 15th of October plaintiff received a letter from defendant, dated the 14th, expressing regret that the latter was unable to meet the note and interest. The letter contained also these words: "As I wished to save you the trouble and myself the inconvenience of your replevining the car which I held under lease from Harrison Co. I this morning returned the car to them at their place of business at Van Ness Ave." In his reply Mr. Boas called attention to the fact that the notes had been discounted and that the return of the car did not recover for him the money so paid. "Some settlement of these notes must be made by you at once," he wrote, "otherwise we will be compelled to hand them to our attorney for collection."

Upon the above facts as found substantially by the court, the conclusions of law and judgment were that plaintiff take nothing and that defendant recover costs.

Appellant interprets that part of the contract of sale providing for the return of the automobile in case any or all of the notes remain unpaid at maturity as a provision inserted for the sole benefit of the vendor, and as being in lieu of the usual provision in similar contracts permitting the seller to retake the possession of the chattel which is the subject of a sale on default of the vendee. The vendor (according to appellant's argument) could either enforce or waive the return of the automobile and the buyer, he says, could not force on the seller an election to sue for the price or for the return of the chattel. But under such interpretation of the contract the vendor's assignee by threat to replevin had indicated his election to take the car on the vendee's default rather than to waive the right of resuming possession and to sue for the price. Since plaintiff had thus indicated his election, the vendee was not bound to await an action which could only result in the recaption of the subject of the conditional sale and the superadded burden of costs. He returned the automobile to H. O. Harrison Company just as he had agreed to do in case any or all of the notes should remain unpaid at maturity. This return was not repudiated by the vendor's assignee, and the automobile at the time of the commencement of this action was still in the garage belonging to the original vendor. It has been suggested that the retaking of the property under the terms of an agreement of conditional sale does not in and of itself terminate the contract. (*Liver* v. *Mills,* 155 Cal. 459, [101 Pac.

299].)   But here there was default on the part of the vendee followed by his voluntary surrender, on demand, of the chattel.   Before resuming custody of the property, the vendor could either sue to recover it or for the purchase price, but he was not entitled to the property and the price also.   (*Parke & Lacy Co.* v. *White River Lumber Co.*, 101 Cal. 37, [35 Pac. 442]; *Holt Mfg. Co.* v. *Ewing*, 109 Cal. 353–356, [42 Pac. 435]; *Muncy* v. *Brain*, 158 Cal. 301–305, [110 Pac. 945]; *Rayfield* v. *Van Meter*, 120 Cal. 416–419, [52 Pac. 666]; *Van Allen* v. *Francis*, 123 Cal. 474–480, [56 Pac. 339].)   It was not necessary that election should be manifested by suit.   Indeed, in the Holt case the seller's election to surrender title and depend upon payment of the price agreed upon was manifested by the presentation of a claim against the estate of Ewing.   So here the demand for the return of the automobile when complied with took away the right of Boas to sue for the purchase price.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.