[Civ. No. 2851.    Second Appellate District, Division One.—June 16, 1919.]

## F. L. HIEATT, Appellant, *v.* A. G. GASSEN, Respondent.

[1] VENDOR AND VENDEE—MUTUAL ABANDONMENT OF CONTRACT—RIGHT OF VENDEE TO RECOVER MONEYS PAID.—Where a contract for the sale of real property has been mutually abandoned or rescinded by the parties thereto and such abandonment or rescission is unconnected with any new contract or other agreement affecting the purchaser's rights in the premises, the purchaser is entitled to maintain an action in implied *assumpsit* as for money had and received to recover the money which he has paid on account of such contract.

[2] ID.—SUBSTITUTION OF NEW CONTRACT — ACCEPTANCE BY PURCHASER—MONEYS PAID UNDER ORIGINAL CONTRACT NOT RECOVERABLE.—Where the parties to an agreement for the sale of the real property substitute therefor an agreement of the vendor to convey to the purchaser a part of the property included in the original sale, and the purchaser accepts this new agreement with the additional advantage that on his part the new agreement is only an option on which he will not be bound unless he elects to take the property under the option and upon the terms and conditions set out therein, an action in implied *assumpsit* as for money had and received will not lie to recover the money paid on account of the original contract.

[3] ID.—NOVATION — RIGHTS OF PARTIES—BY WHAT GOVERNED.—When a novation has taken place, the rights of the parties to the agreement are to be governed by the new contract alone, and a party who has made payments under the original contract may not recover those moneys on the basis of a bare assumption that the terms of the new contract are not in any way affected by the situation existing under the original contract at the time when the new contract is made.

APPEAL from a judgment of the Superior Court of San Diego County.    W. A. Sloane, Judge.    Affirmed.

The facts are stated in the opinion of the court.

J. M. Chatterson and L. E. Dadmun for Appellant.

Sweet, Stearns & Forward for Respondent.

1. Necessity for placing in *statu quo* on abandonment of contract for sale of land, note, 30 L. R. A. 66.

3. Secondary agreements as accords and satisfactions or novations, note, L. R. A. 1915B, 58.

CONREY, P. J.—Plaintiff brought this action to recover from defendant money which had been paid by plaintiff to defendant on account of a contract for the sale of real property, which contract the plaintiff alleged had been rescinded and abandoned by mutual consent. The plaintiff appeals from the judgment entered in favor of the defendant.

The contract was dated April 30, 1913. It provided for the payment of seven thousand five hundred dollars on the execution of the contract; two thousand five hundred dollars on October 1, 1913, and two thousand five hundred dollars on the first day of each and every April and October thereafter until the full sum of $33,582.75 had been paid; interest at six per cent per annum, payable quarterly, commencing on the first day of July, 1913. The findings show that the plaintiff paid the sum of seven thousand five hundred dollars and the two thousand five hundred dollars due October 1, 1913, together with the interest then due; "that prior to the first day of April, 1914, the said plaintiff and said defendant did orally agree that they would by mutual consent cancel, rescind, and abandon the said written contract, and that the said plaintiff would in pursuance of said abandonment, cancellation, or rescission of said contract, and upon request of said defendant, sign, execute, and deliver unto said defendant his quitclaim deed to and for the property described in said written contract and agreement, upon the execution to plaintiff by defendant of an option for the purchase by plaintiff of a portion of said land. That after the first day of April, 1914, and on or about the ninth day of April, 1914, said original contract was by mutual consent abandoned, canceled, or rescinded and said defendant released the said plaintiff from all his obligations under the said contract hereinbefore referred to, and from his said agreement to purchase the land in said contract described and pay the balance due on the purchase price thereof, and that in substitution for and in lieu of said contract defendant gave to said plaintiff an option in writing to purchase a part of the said lands described in said contract upon the terms and. conditions set out in the said option, and that in consideration of the release of said plaintiff from his said obligations and covenants under said contract and of the giving of said option

to him by the defendant, the plaintiff did execute and deliver to defendant a quitclaim deed of all his interest in said land, and released and discharged said defendant from all liabilities and obligations under or by virtue of said contract, which said release was indorsed upon the original of said contract and delivered therewith to defendant, and. which said release was and is in the words and figures as follows, to wit:

" 'I, F. L. Hieatt do hereby remise, release and quitclaim to A. G. Gassen, all the land and property described in the foregoing contract and transfer to him all my rights under said contract and all my interest in said property, and this contract is hereby canceled.

" 'Dated April 9, 1914.

                                " 'F. L. HIEATT.'

"That prior to the filing of the complaint in said action, to wit, on the nineteenth day of February, 1915, the said plaintiff did demand of and from said defendant the return and repayment of the said sum of $11,136.22 paid to said defendant by said plaintiff under the terms of said written contract and agreement, but that he never made any other demand on defendant for the payment of said sum or any part of it, and that said defendant refused, and still refuses, to pay the said sum or any part thereof and holds and retains the said money and the whole thereof. That it is not true that the said defendant holds and retains said money and the whole thereof to the plaintiff's damage in the sum of $11,136.22 or to his damage in any other sum or sums at all. That no other agreement or negotiations were had between plaintiff and defendant with reference to the rights of the parties in said sum of $11,136.22 than are contained or implied in said release indorsed upon said original contract."

As conclusions of law from the facts found, the court found that the option was given in substitution for and in lieu of the contract and that the release indorsed upon the contract effected a complete settlement between the parties in regard to the contract and discharged and released defendant from any obligation to repay the plaintiff said sum of $11,136.22, or any part thereof, and that defendant was entitled to judgment that plaintiff take nothing by the action. Judgment was entered accordingly.

Appellant contends that the conclusions of law and the judgment are not consistent with or supported by the findings of fact and that upon those findings the plaintiff is entitled to judgment in his favor.

[1] Where a contract for the sale of real property has been mutually abandoned or rescinded by the parties thereto and such abandonment or rescission is unconnected with any new contract or other agreement affecting the purchaser's rights in the premises, the purchaser is entitled to maintain an action in implied *assumpsit* as for money had and received, to recover the money which he has paid on account of such contract. To that extent we agree with the contentions of appellant with relation to this matter. [2] But the case presented here is one wherein the release of the parties from the original contract was a part of and resulted from a new contract arising out of and connected with the abandonment of the original transaction. In lieu of defendant's obligation to convey the property upon the payment of the full contract price, the parties by agreement substituted therefor an obligation of the defendant to convey to the plaintiff a part of the property included in the original sale, and the plaintiff accepted this new agreement with the additional advantage that on his part the new agreement was only an option on which he would not be bound unless he elected to take the property under the option and upon the terms and conditions set out therein. What the terms and conditions of that option were we do not learn from the record, but it may reasonably be inferred that in agreeing upon those terms and conditions the parties took into consideration the fact that the plaintiff had made payments on account of the original contract. The new contract was in reality a novation, whereby new obligations were substituted for those theretofore existing between the parties. (Civ. Code, secs. 1530, 1531.) When a novation has taken place the courts "have found no difficulty in declaring that the rights of parties to the agreement are to be governed by the new contract alone, and that a failure to perform does not, under any theory of rescission or revivor, operate to breathe new life into the dead and extinguished obligation." (*Beckwith* v. *Sheldon,* 165 Cal. 319, 324, [131 Pac. 1049, 1051].)

**[3]** Equally well may it be said that when a novation has taken place the rights of the parties to the agreement are to be governed by the new contract alone, and that a party who has made payments under the original contract may not recover those moneys on the basis of a bare assumption that the terms of the new contract were not in any way affected by the situation existing under the original contract at the time when the new contract was made. The natural inference from such series of transactions runs the other way. When in this case the original contract "was by mutual consent abandoned, canceled, or rescinded," and in substitution therefor a new contract was made, it is evident that the new contract "was intended to effect a complete settlement in regard to the subject." In this respect the case is very similar to *Winton* v. *Spring,* 18 Cal. 451, where it was held that the vendee was not entitled to recover a partial payment which he had made on account of an agreement to purchase land.

The judgment is affirmed.

Shaw, J., and James, J., concurred.