[Civ. No. 4384. First Appellate District, Division Two.—February 19, 1923.]

## SANTORO CINCOTTA, Respondent, v. SANTO CATANIA, Appellant.

[1] SALE — RECOVERY OF PURCHASE MONEY — PLEADING — MONEY HAD AND RECEIVED.—A buyer is not entitled to recover money paid on account of the purchase price of goods where the complaint is in form a common count for money had and received, and no showing is made of a mutual rescission of the contract or of the defendant's breach thereof.

[2] ID. — RECOVERY OF PRICE — THEORY OF CASE—PLEADING.—In an action by a buyer to recover money paid on account of the purchase price of goods, if it is the plaintiff's theory that there has been a mutual rescission or an abandonment of the contract

---

1. Recovery back of money paid on rescission or abandonment of contract, note, 30 L. R. A. 50.

2. Action for money had and received as proper remedy of breach of contract, note, L. R. A. 1918E, 781.

of purchase, the plaintiff may stand on a complaint as for money had and received, but if he claims that the seller has breached his contract and has rendered himself liable to damages, the plaintiff should plead the facts or adopt the common count as for *quantum meruit*.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Reversed.

The facts are stated in the opinion of the court.

George G. Graham for Appellant.

Ohannesian & Ohannesian for Respondent.

STURTEVANT, J.—The plaintiff was awarded a judgment by the trial court in the sum of $1,015.45, and the defendant appealed under section 953a of the Code of Civil Procedure. The plaintiff's complaint is in form a common count for money had and received. The defendant filed an answer in which he denied the material allegations of the plaintiff's complaint and in addition thereto he presented a cross-complaint. In view of the conclusions which we have reached regarding the cause of action pleaded by the plaintiff, it will not be necessary for us to consider the questions presented regarding the cross-complaint.

The uncontradicted testimony shows that on or a short time before the eighteenth day of October, 1920, the defendant had sold, of the 1920 crop, to Mr. Guccione, a carload of ripe olives which was thereafter to be cured by salting, etc., and then delivered on board of the cars at Fresno. When the plaintiff heard of that sale he went to the defendant and purchased a carload to be cured and shipped, and agreed to pay twelve cents a pound. A carload of olives amounts to twelve tons or thereabouts. The purchase so made by the plaintiff was oral and no time for the delivery was specified. But the defendant did state that after he had filled the order for Mr. Guccione that he would then fill the plaintiff's order. At the time of the purchase the plaintiff wrote out and delivered to the de-

fendant his check in the sum of $1,000 as a part of the purchase price.

[1]  On the trial of the case the plaintiff did not introduce any evidence that he did at any time, except once, demand of the defendant a delivery of the olives. However, he did testify that on the fifteenth day of November, 1920, he asked the defendant to deliver to him some olives to place in a car which he was loading with grapes to ship to the east, and that the defendant did not comply with such request. The plaintiff did not introduce any evidence that thirty days or less time is a reasonable time within which to procure, pack, and ship two carloads of olives, of the current season, in the neighborhood of Fresno during the months of October and November. Furthermore, the record does not even purport to show that the contract of purchase had been rescinded by mutual consent. In the absence of a mutual rescission there can be no recovery by the vendee under such circumstances. (*Tomboy Gold & Copper Co.* v. *Marks,* 185 Cal. 336, 339 [197 Pac. 94].) We do not understand that as for a breach of contract it is even claimed that the plaintiff was entitled to recover under a common count as for money had and received. (*McConnell* v. *Corona City Water Co.,* 149 Cal. 60, 65 [8 L. R. A. (N. S.) 1171, 85 Pac. 929].) But be that as it may, the evidence introduced was not sufficient to show a breach of contract on the part of the defendant. As the case must go back for a new trial it is proper to suggest that the plaintiff did, under the facts proved in this case, adopt an improper form of pleading. (*Barrere* v. *Somps,* 113 Cal. 97 [45 Pac. 177, 572].) He thereby caused a material variance between his pleading and his proof. [2]  If it is his theory that there was a mutual rescission of the contract of purchase, or an abandonment of the contract of purchase, the plaintiff may stand on a complaint as for money had and received. (*Bray* v. *Lowery,* 163 Cal. 256, 261 [124 Pac. 1004] ; *Tomboy Gold & Copper Co.* v. *Marks, supra.*) But if he claims that the defendant has breached his contract of purchase and has rendered himself liable to damages, then the plaintiff should have pleaded the facts, or have adopted the common count as for *quantum meruit.* (*McConnell* v. *Corona City Water Co., supra; Pabst Brewing Co.* v.

*E. Clemens Horst Co.*, 229 Fed. 913, 916 [144 C. C. A. 195].)

The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.