[Civ. No. 6543. First Appellate District, Division One.—December 24, 1928.]

C. A. DeLONG, Respondent, v. MISSION MARBLE WORKS (a Corporation) et al., Appellants.

George Clark Sargent, Louis Ferrari, J. J. Posner and Aaron M. Sargent for Appellants.

Whitehurt & Logan and H. K. Eells for Respondent.

CASHIN, J.—Defendant Mission Marble Works, a corporation, on March 29, 1923, entered into a contract with the Bank of Italy to manufacture and install the marble work in a bank building, which was being erected by the latter at Visalia. The work was to be done according to certain plans and specifications which were referred to in the contract. The plans were prepared by the architect employed by the bank, and the specifications provided that the contractor should prepare and furnish shop drawings of the marble work, and that these should be checked by the architect and returned to the contractor with his approval or corrections. The contractor prepared a set of shop drawings, but the evidence shows that only one of these, called the typical floor plan, and upon which were shown the marble tiled floor, the border and wainscoting of the second, fourth, and fifth floors of the building, was submitted to the architect. The latter drawing as shown was a blueprint, and on May 3, 1923, before the plaintiff had any connection with the work, the same was returned by the architect to the contractor with a number of corrections made thereon. The evidence further shows that after the latter date and before May 28, 1923, the contractor, in order to enable the plaintiff to submit a bid for setting the marble, delivered to him the shop plans, including a copy of the typical floor plan mentioned, but without the architect's corrections being shown thereon. On May 31, 1923, the plaintiff entered into a contract with the defendant contractor whereby he agreed, for the sum of $4,500, to install the marble in the building as called for by the specifications and shown on the plans, all to the satisfaction of the architect. In this connection it was alleged by the plaintiff, and the court found, "that prior to the execution of said contract of May 31, 1923, defendant, Mission Marble Works, furnished the plaintiff certain plans prepared by said defendant, which said plans purported to show in detail the dimensions, character and location of all marble to be installed in said building, and that said defendant, for the purpose of inducing

plaintiff to enter into a contract for installing said marble at as low a price as possible, then and there stated to plaintiff that said plans so furnished him by it were in all respects true and accurate and corresponded exactly with the official plans of said building." It was further alleged and found that the plaintiff, believing and in reliance upon the representations that the plans furnished him were correct, entered into the contract for the price mentioned, and that the latter was the lowest possible cost of doing the work had the representations been true. It was also found that plaintiff entered upon the performance of the contract, but that the plans furnished by said defendant did not correspond with the official plans of the building, and the marble furnished by the defendant—and which was cut in accordance with the plans furnished to the plaintiff—could not be installed therein; that because of this impossibility the original contract between plaintiff and defendant contractor was abandoned, and a new agreement entered into between them by which the plaintiff was to be paid the value of his work and labor in installing the marble in accordance with the official plans of the building. The court found that the plaintiff was compelled to recut and repolish a large part of the marble furnished by the defendant contractor; that much was furnished only after long delay; that the value of the work done by plaintiff was $6,769.94, of which the sum of $4,100 had been paid, and also that the bank, which was served with a verified notice of the claim, was indebted to defendant contractor under its contract in a sum more than sufficient to pay the balance unpaid to the plaintiff. Judgment was entered accordingly against the contractor and also against the bank, which was joined as a defendant, and both defendants have appealed.

As grounds for reversal it is claimed that the evidence was insufficient to support the conclusion that a new contract was made between the parties, and that any recovery for extra work should be based not upon its reasonable value but upon the original contract price.

The evidence adduced in support of plaintiff's claim that the plan furnished by the contractor, and upon which the bid was based, did not correspond with the so-called official plans is not contradicted. Furthermore, there was no denial of his testimony that the president and general

manager of the contractor admitted that the plans furnished were wrong, and that after the plaintiff had refused to proceed under his contract upon the ground that the work bid upon was not the work which the official plans called for, he was requested by that officer to proceed according to the latter plans and render an account of the labor required to complete the job. The facts justified the plaintiff's refusal to proceed further under his contract, and it was not only to the interest of the defendant contractor, which was at fault, that the work should proceed, but, in view of the circumstances, it was manifestly the intention that the plaintiff should continue under a new arrangement.

Whether a new agreement amounts to a novation is a question of intention (*Parkside Realty Co.* v. *MacDonald,* 166 Cal. 426 [137 Pac. 21]; *Dyer Bros. Iron Works* v. *Central Iron Works,* 182 Cal. 588 [189 Pac. 445]); and when it is clear that a new contract has been entered into without fraud, and with the understanding that it shall be substituted for a previous one, a novation is effected and the former agreement extinguished (*Beckwith* v. *Sheldon,* 165 Cal. 319 [131 Pac. 1049]; *Utah Construction Co.* v. *Western Pacific Ry. Co.,* 174 Cal. 156 [162 Pac. 631]; *Simmons* v. *Sweeney,* 13 Cal. App. 283 [109 Pac. 265]; *Thomas* v. *Wentworth Hotel Co.,* 16 Cal. App. 407 [117 Pac. 1041, 1046]; *Hieatt* v. *Gassen,* 41 Cal. App. 620 [183 Pac. 227]; *Harpold* v. *Slocum,* 46 Cal. App. 51 [188 Pac. 824]).

It is our conclusion that a new contract supported by a sufficient consideration (*Credit Clearance Bureau* v. *Geo. H. Hochbann etc. Co.,* 25 Cal. App. 546 [144 Pac. 315]), was made in the present case, and the judgment is accordingly affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 23, 1929.