[Civ. No. 20.   Fourth Appellate District.—November 7, 1929.]

E. B. MURPHY, Appellant, v. B. F. WHITE et al., Respondents.

James A. Hall for Appellant.

E. John Ericksson for Respondents.

MARKS, J.—This is an action brought by appellant against respondents as makers of a promissory note dated January 14, 1922, due three years after date, in the sum of $500. A trial was had by the court, without a jury, and judgment was rendered in favor of respondents.

The answer admits the execution of the note, pleads the statute of limitations, which plea was afterward abandoned, and sets up the defense of failure of consideration based upon the allegations that the note was given by respondents to appellant to permit him to borrow money thereon, and for his accommodation, and upon his express promise that respondents would never be called upon to pay the note or any part thereof.

From the findings of fact and the bill of exceptions it appears that appellant sold an automobile to B. F. White on the twenty-eighth day of July, 1920, for the sum of $1790, payable as follows: $700 as a down payment in the form of an automobile traded in, and two promissory notes in the sum of $545 each, due on October 28, 1920, and January 28, 1921, respectively. In addition to the two notes, a conditional sales contract was executed whereby title to the automobile was reserved in appellant, and possession given to purchaser. L. H. White did not sign the notes or the contract. The contract provided that in case the purchaser should make default in any payments to become due thereunder, the seller might terminate the contract and the rights of the purchaser thereunder, and to the automobile, and take possession of the same.

The findings of the trial court material to this appeal are as follows:

"It is true that the defendant B. F. White defaulted on this contract in the following particulars: That the defendant B. F. White did not pay or cause to be paid on his behalf the sum of $545.00 due on October 28, 1920, and the sum of $545.00 due on the 28th day of January, 1921.

"It is true that on the 14th day of January, 1922, the plaintiff made a demand upon the defendant B. F. White for the possession of the automobile, and did take possession of said automobile on the said 14th day of January, 1922. That on the 14th day of January, 1922, there remained due to plaintiff upon the contract the sum of $1,090.00 as principal and $25.00 interest or a total of the sum of $1115.00. That the value of the automobile on the 14th day of January, 1922, the date upon which the plaintiff retook possession of the same, was $615.00. That there was a balance due upon said contract of the sum of $500.00 after deducting the value of the repossessed automobile for which amount

the defendants B. F. White and L. H. White gave the note in question.

"It is true that said note was given for the balance due under the terms of the contract.

"It is true that the defendants have not paid the same or any part of said note.

"It is true that there was no consideration to the defendants B. F. White and L. H. White or to either of them for the giving of the note sued upon."

From the bill of exceptions the evidence, which must support these findings, if they are supported, may be summarized as follows: That no part of the principal or interest on the two promissory notes for $545 was paid; that White offered to return the car several times during the year 1921, which offers were refused by appellant, who attempted to collect the money due; that on January 14, 1922, he demanded payment of White, who had no money for appellant; that the two parties thereupon entered into negotiations in an endeavor to settle the indebtedness. It was agreed that there was $1115 principal and accrued interest due on the two notes; that the automobile was worth $615; that appellant would take the car and give White credit for $615 on the two notes, and that respondents would execute a new note in the sum of $500 for the balance due on the old indebtedness. Appellant took the car, and respondents executed and delivered to him the new note, which is the subject matter of this action.

Appellant urges in his briefs that the finding of the trial court to the effect that the note in question was given without consideration is not supported by the evidence. In meeting this argument, respondents rely upon the cases of *Johnson* v. *Kaeser*, 196 Cal. 686 [239 Pac. 324], *Boas* v. *Knewing*, 175 Cal. 226 [L. R. A. 1917F, 462, 165 Pac. 690], and various text-writers in harmony with the same. The case of *Johnson* v. *Kaeser* turns on the point of a verbal extension of the time of paying installments under the terms of a conditional sales contract, and holds the action prematurely brought. In the case of *Boas* v. *Knewing*, the action was brought on promissory notes given the seller by the purchaser for the unpaid portion of the purchase price of an automobile sold under a conditional sales contract and repossessed by the seller. The court held that the seller could not

have both the car and the purchase price under the circumstances of that case and the conditions of the sales contract. There are many other cases in the books announcing this well-recognized principle of law.

In the instant case we have a state of facts that bring it without the rule laid down in *Boas* v. *Knewing, supra.* Here we have a new contract between appellant and respondents that was not a modification of the original contract, but entirely superseded it. (*Beckwith* v. *Sheldon*, 165 Cal. 319 [131 Pac. 1049].) Before appellant repossessed this car he agreed with B. F. White upon the manner of the complete liquidation of the original indebtedness, which agreement was carried out in detail by the parties. ■ While there was no direct testimony that there was any definite agreement to substitute the later contract for the former, this may be shown by the acts of the parties (*Simmons* v. *Sweeney,* 13 Cal. App. 283 [109 Pac. 265]), and a failure to perform the terms of the new contract does not revive or give life to the old (*Hieatt* v. *Gassen*, 41 Cal. App. 620 [183 Pac. 227]; *Producers' Fruit Co.* v. *Goddard,* 75 Cal. App. 737 [243 Pac. 686]).

The case of *Harpold* v. *Slocum,* 46 Cal. App. 51 [188 Pac. 824], presents facts somewhat similar to the one at bar. The plaintiff and defendants owned real property in Los Angeles. The plaintiff had a $1,000 personal interest in it and one-third of the remainder in common with the defendants. For convenience the record title was placed in the name of one of the defendants, and a written agreement executed setting forth the respective interests of the parties, and providing for a division of the purchase money in case of sale. About a year after the property was acquired plaintiff wanted his money, and agreed to accept the defendants' note in the sum of $1750 in full payment of his interest in the property. The note was given, but plaintiff did not surrender his copy of the written agreement referred to, nor did he execute any conveyance of his interest in the property to defendants, or either of them. In an action to collect the promissory note the court held that a novation was effected by plaintiff's accepting the promissory note, which canceled any interest he had in the property or in the proceeds from the sale thereof, and that it was not necessary for him to surrender the written agreement setting forth

his interest in the property as it was canceled by the new contract.

Respondents further contend that if this court should hold that the note in question was supported by a valid consideration, as to the defendant B. F. White, still there would be no consideration as to the defendant L. H. White, she not being obligated by the original notes or conditional sales contract. Section 3106 of the Civil Code provides that a pre-existing debt constitutes a consideration for a new contract. Section 3110 of the Civil Code provides as follows: "Liability of accommodation party. 'An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.' " We therefore hold that the note was supported by a valuable consideration as to both respondents. Judgment reversed.

Sloane, P. J., and Barnard, J., concurred.