[Sac. No. 4372. In Bank.—February 11, 1931.]

EDITH LARSON, Respondent, v. J. F. KING et al., Appellants.

Erling S. Norby for Appellants.

Ray Manwell for Respondent.

WASTE, C. J.—The plaintiff filed in the court below a pleading, entitled "Second Amended Complaint for Rescission of Contract", in which it was alleged that at a time when the plaintiff was under the influence of intoxicating liquor and incapable of entering into any contract, the de-

fendants "induced plaintiff to enter into a contract wherein and whereby the said defendants sold to plaintiff" a certain Peerless automobile at a price far in excess of its real value, and as part payment took from plaintiff a Pontiac automobile then owned by her. "Within a few days thereafter . . . and when plaintiff was sober and learned of the fraud practiced upon her by defendants," she demanded in writing that the contract be rescinded, offered to restore the Peerless automobile to defendants, and demanded the return to her of the Pontiac automobile and a cancellation of the contract to pay the balance of the purchase price of the Peerless. The defendants accepted the return of the Peerless, but refused to redeliver the Pontiac to plaintiff or to cancel the contract.

The trial court, sitting without a jury, found these allegations to be true, except that plaintiff was not under the influence of intoxicating liquor at the time of the transaction, "but did at the time of executing the . . . contract . . . have drinks of intoxicating liquor in the place of business" of the defendants. It also found that the defendants, after retaking the Peerless automobile, resold it "for a sum of money equal to the reasonable value thereof, and sufficient to save said defendants incurring any financial loss, without regard to the transaction had with plaintiff". Judgment was entered for the plaintiff for the return to her of the Pontiac automobile, or its reasonable value in case a return could not be had, and directing cancellation of the contract. The defendants have appealed on the judgment-roll alone, and are here contending that the complaint does not state a cause of action and that the findings do not support the judgment.

■ The complaint states a cause of action. The findings support the judgment. By accepting a restoration of the Peerless automobile, the only thing of value the plaintiff had received, and reselling it, the defendants worked a rescission by consent. They are not entitled to the property and the price also. (*Boas* v. *Knewing*, 175 Cal. 226, 229 [L. R. A. 1917F, 462, 165 Pac. 690].)

The judgment is affirmed.

Shenk, J., Richards, J., Seawell, J., Curtis, J., Langdon, J., and Preston, J., concurred.