[Civ. No. 493.   Fourth Appellate District.—July 13, 1931.]

ANNA H. EVERHARDY, Appellant, v. UNION FINANCE
COMPANY (a Corporation), Respondent.

Michael F. Shannon and Thomas A. Wood for Appellant.

Harold A. Fendler for Respondent.

MARKS, J.—Appellant filed her complaint against respondent and under the allegations contained in two separate causes of action sought the recovery of $4,000. The allegations of the first cause of action were laid under a common count for money had and received. The allegations of the second cause of action were based upon the conversion of her money. Respondent filed an answer denying the material allegations of her complaint and as a separate defense alleged an accord and satisfaction. The trial court in its findings resolved all issues against appellant and in favor of respondent. From the judgment thereafter entered, appellant has prosecuted this appeal.

The record discloses that on or about December 29, 1923, appellant, through one McCloskey, who was acting as sales agent for respondent, subscribed for 400 shares of its capital stock of the par value of $10 per share, for which she agreed to pay the sum of $4,000. She delivered to McCloskey a mortgage and note in the sum of $4,000, which he negotiated for its face value and which sum he embezzled. Respondent was not informed of this subscription nor of the embezzlement until some time after its occurrence, when appellant requested the issuance of the 400 shares of stock to her. Respondent referred the matter of its liability to its attorney, who advised it that under the circumstances of the case no liability to plaintiff had accrued. This resulted in numerous visits on the part of appellant to various officers of respondent, all of which resulted in her demand that the stock be issued to her in accordance with the subscription.

Shortly after the embezzlement was discovered and upon the request of respondent, its permit to sell its capital stock was revoked by the commissioner of corporations. During the month of November, 1926, appellant's demands for the stock were coupled with a threat to file suit against respondent to compel its issuance. This resulted in an apparent compromise of the dispute between the parties. On December 19, 1926, respondent issued to appellant twenty-five shares of its common stock and seventy-five shares of its preferred stock, together with the following certificate:

"Los Angeles, California, December 18th, 1926.

"This is to certify that Anna H. Everhardy is entitled to One Hundred Twenty-five (125) shares of the preferred capital stock of the Union Finance Company and One Hundred Seventy-five (175) shares of the common stock of said company. Said stock will be issued as soon as same is available.

"UNION FINANCE COMPANY
"By DAVID E. FULWIDER
"President
"By C. S. NEWBERRY
"Secretary.

" (Corporate Seal)
" (Notation in Pencil)
"Issued December 18th, 1926
    25 common par 10.00    250.00
    75 Preff    "   10.00    750.00

                      $1000.00

"To be issued
    125 Common
    175 Preferred

    300
     10

    $3000."

The stock and this certificate were delivered to appellant by mail. Under date of January 2, 1927, appellant wrote the president of respondent in part as follows: "I received the certificate of stock and statement securing the remainder of my $4,000 subscription for which I thank you most sincerely." At some undisclosed date after December 18, 1926, and before June, 1927, appellant had a conversation with the secretary of respondent concerning this transaction in which he told her that as soon as the 300 shares of stock due her were available they would be issued to her, to which statement she replied, "That was all she wanted."

In June or July, 1927, she demanded the return of the $4,000 from respondent without offering to return the stock issued to her or the agreement to issue the additional

300 shares. Her complaint in this action was filed on December 9, 1927. At no time has she returned or offered to return to respondent the 100 shares of stock, or the agreement to issue the additional 300 shares.

At the trial respondent produced 125 shares of its preferred stock and 175 shares of its common stock issued in the name of appellant and tendered them to her, which tender was refused. In its judgment the trial court ordered the certificates for this stock delivered to her.

█ Where there is a contract for the purchase and sale of personal property the plaintiff cannot recover the money paid under the terms thereof without a mutual rescission of the contract where the allegations of the complaint to recover the money are laid under the common count for money had and received. (*Tomboy etc. Co.* v. *Marks,* 185 Cal. 336 [197 Pac. 94]; *Cincotta* v. *Catania,* 61 Cal. App. 38 [214 Pac. 451].)

Section 1521 of the Civil Code defines an *accord* as follows: "An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled."

Section 1523 of the same code defines *satisfaction* as follows: "Acceptance, by the creditor, of the consideration of an accord extinguishes the obligation, and is called satisfaction."

In the case of *Silvers* v. *Grossman,* 183 Cal. 696 [192 Pac. 534], it was held as follows: "The terms of the accord may provide either for the performance of an act or the giving of a promise as the consideration for the extinction of the existing obligation. In the latter case the giving and acceptance of the promise is the execution of the accord."

Appellant seeks to escape the effect of these rules of law upon the grounds, first, that the claim of respondent that it was not legally liable to issue the 400 shares of its stock to her was not well founded in law; and second, that the record does not contain sufficient evidence to support the contention that appellant intended to accept the stock issued to her and the agreement by which respondent promised the later issuance of 300 shares of its stock as a satisfaction of her prior contract.

Her first contention is disposed of by the cases of *Berger* v. *Lane,* 190 Cal. 443 [213 Pac. 45], and *B. & W. Engineer-*

*ing Co.* v. *Beam,* 23 Cal. App. 164 [137 Pac. 624]. In the latter case the court held as follows:

"The phrase 'accord and satisfaction' as it is known and applied in the law means the substitution of a new agreement for and in satisfaction of a pre-existing agreement between the same parties. More minutely. defined an agreement of accord and satisfaction is one whereby one of two parties having a right of action against the other upon a claim arising out of an existing agreement, agrees to accept from the other party something in satisfaction of such right of action different from and usually less than that which might be recovered upon the original obligation. (Civ. Code, sec. 1521.) The effect of such agreement when executed .is to extinguish the antecedent liability. (Civ. Code, sec. 1523.) As a matter of course an agreement of accord and satisfaction presupposes a prior controversy concerning the relative rights of the parties under the pre-existing agreement; and it may be conceded to be the law, as counsel for the plaintiff contends, that before a dispute concerning a claim for money alleged to be due under an existing contract can be made the basis of an agreement of accord and satisfaction, it must be shown that such dispute was *bona fide.* . . . The rule in this behalf is clearly and concisely stated in the case of *Simons* v. *American Legion of Honor,* 178 N. Y. 263 [70 N. E. 776], where it is said that 'If a debt or claim be disputed at the time of payment, the payment, when accepted, of a part ·of the whole debt is good satisfaction, and it matters not that there was no solid foundation for the dispute. The test in such a case is, Was the dispute honest or fraudulent? If honest it affords a basis for an accord between the parties, which the law favors, and the execution of which is the satisfaction.'

"It will thus be seen that in so far as the defense of an executed accord and satisfaction was concerned the trial court was not called upon to decide the question as to whether or not the covenant of the contract in controversy covering the˙ cost of the work to be performed thereunder was fairly susceptible of the construction contended for by· Beam. Upon this phase of the case the only question to be considered was whether or not there was in fact at the time of the acceptance and retention of the check in

question a *bona fide* dispute concerning the sum due under the contract. This primarily was a question of fact to be determined by the trial court from all of the circumstances of the transaction (*Lapp-Gifford Co.* v. *Muscoy Water Co.,* 166 Cal. 25 [134 Pac. 989]); and in the determination of that question the mere fact that it might have been held in an action involving the construction of the original contract, that plaintiff's assignor could not have been compelled to relinquish any portion of its original claim, was of no consequence in the face of the established fact that it did actually and knowingly accept a lesser amount in full satisfaction and settlement of its claim. (*Taylor* v. *Nussbaum,* 2 Duer (N. Y.), 302; *Roach* v. *Gilmer,* 3 Utah, 389 [4 Pac. 221].) In other words, where the parties to an executed agreement of accord and satisfaction have met upon equal terms, and without fraud, misrepresentation, or mistake have adjusted existing differences concerning their relative rights and obligations arising out of a valid, pre-existing agreement, it is neither necessary nor permissible to go behind a settlement actually made for the purpose of ascertaining which of the parties was right in the controversy which preceded and constituted the basis of such settlement. (*Farmers Bank, etc.,* v. *Blair,* 44 Barb. (N. Y.) 641, 652; *Minor* v. *Fike,* 77 Kan. 806 [93 Pac. 264]; *Kiler* v. *Wohletz,* 79 Kan. 716 [L. R. A. 1915B, 11, 101 Pac. 474]; 1 Page on Contracts, 321.)''

It will not be necessary for us to consider or pass upon the merits of the original claim of respondent that it was not legally liable to deliver to appellant the 400 shares of its capital stock for which she subscribed. The trial court as a necessary implication from its findings has held that this claim of nonliability was made in good faith and that there was an honest dispute between the parties as to its liability to issue this stock. The evidence amply justifies this conclusion, which, therefore, we cannot disturb. As is clearly set forth in the decisions which we have cited, it is not necessary that respondent's refusal to issue the stock be founded upon a legal right not to do so. The fact that it was asserting its rights in good faith and that there was an honest dispute between the parties is sufficient.

The intent of the appellant in accepting and keeping the stock and the agreement of December 18, 1926,

was a question of fact primarily addressed to the trial court. The fact that she received and retained these documents for a number of months without objection, that she thanked the president of respondent for their issuance and delivery to her, together with the fact that she told the secretary of respondent that the issuance of the stock to her was all that she wanted, is amply sufficient to support the finding of the trial court that she intended to accept the 100 shares of stock delivered to her and the agreement to issue to her 300 additional shares of stock as a complete accord and satisfaction of her former demand for the issuance of 400 shares of the capital stock of respondent to her and as a complete substitute for the former contract. (*Murphy* v. *White,* 101 Cal. App. 719 [282 Pac. 427].) "The question whether an agreement amounts to an accord and satisfaction is, within the rules of law governing the subject, a question of the intention of the parties and is, therefore, a question of fact, and unless there is want of evidence to sustain the finding of the trial court, it will not be reversed on appeal. More specifically it has been said that whether there was a dispute as to the sum due and whether a tender was on condition that acceptance would be in full satisfaction are primarily questions of fact for the trial court." (1 Cal. Jur. 136.) The findings of the trial court to the effect that appellant intended to accept the stock and the new contract as a complete accord and satisfaction between the parties cannot be disturbed here.

Judgment affirmed.

Barnard, P. J., and Griffin, J., *pro tem.,* concurred.