It follows, therefore, that on the appeal of Adele Gueutal the interlocutory judgment should be modified as indicated herein, and affirmed, with costs to her payable by the respondents, and that, on the appeal of Myers as executor, it should be modified by directing a dismissal as to him, with costs, but without costs of the appeal, for it does not appear that he presented a formal request or a conclusion of law to that effect and his appeal was taken jointly with Adele Gueutal, and he has been represented by the same counsel. All concur.

GENERAL FIREPROOF CONST. CO. v. BUTTERFIELD.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1911.)

1. Courts (§ 190*)—Municipal Courts—Appeal—Determination of Cause—Reversal.

Under Laws 1909, c. 570, § 55, providing for appeals from the City Court of Buffalo to the Special Term of the Supreme Court, the Special Term has no authority in deciding a case upon the question of accord and satisfaction to dismiss the complaint, but can.on reversal only allow a new trial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. Accord and Satisfaction (§ 11*)—Remittances on Condition—Accord and Satisfaction.

Where an attorney, after collecting money for his client, sent .part as a payment in full, an acceptance by the client did not create an accord and satisfaction, as the attorney and his client did not occupy such contractual relations that he could pay part of the fund on condition that all claims to the rest were waived.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–83; Dec. Dig. § 11.*]

Appeal from Equity Term, Erie County.

Action by the General Fireproof Construction Company against Herbert B. Butterfield. From a judgment for plaintiff in the City Court of Buffalo, an appeal was taken to the Special Term of the Supreme Court, where it was reversed, and, on appeal from that judgment, the judgment of the Special Term was reversed, and that of the City Court affirmed.

Argued before McLENNAN, P. J., and WILLIAMS, KRUSE, and ROBSON, JJ.

Thomas E. Boyd, for appellant.

Ticknor & Pierce and H. B. Butterfield, for respondent.

WILLIAMS, J.   The judgment and order should be reversed, and the judgment of the City Court affirmed, with costs in this court and the Special Term.

The action was brought to recover moneys collected by defendant, an attorney for the plaintiff, his client, which he refused to pay over, and converted to his own use. The City Court rendered judgment for the plaintiff for the amount claimed, with interest and costs. An appeal was taken to the Supreme Court, where the Special Term reversed the judgment and dismissed the complaint upon the ground (as

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stated in the opinion) that the evidence showed that there was an accord and satisfaction between the parties. The court cited and relied on Gribble v. Van Prag Co., 124 App. Div. 833, 109 N. Y. Supp. 242. The Special Term had no power to dismiss the complaint. It could only direct a new trial if it reversed the judgment. Laws 1909, c. 570, § 55.

The only question of fact passed upon by the Special Term was the accord and satisfaction. No attempt was made to review the question as to defendant's liability, in the absence of such accord and satisfaction. We are not inclined to differ with the City Court as to such liability. It saw and heard the witnesses, and its determination of that question should not be disturbed. We come directly to the question upon which the reversal by the Special Term was placed—the accord and satisfaction. The money collected by the defendant belonged to the plaintiff. The defendant, at most, had a lien upon it for his services, and could retain what he was legally entitled to for such services. When the defendant sent the check for a part of the money, he limited his right to compensation to the amount retained by him, and conceded that the amount sent belonged to the plaintiff. Under these circumstances, the plaintiff was not bound to return his own money to defendant under penalty of acknowledging defendant's right to the balance retained. Plaintiff had a right to retain the money paid to it, and sue for and recover any portion of the balance to which it was entitled. It was not a case for the application of the rule of accord and satisfaction. It would not be quite fair for the defendant to say, "I send you an amount which I concede is yours, but, if you take it, you must acknowledge you are not entitled to any part of the moneys I have retained." Eames Vac. B. Co. v. Prosser, 157 N. Y. 301, 51 N. E. 986. In that case, as in this one, the moneys collected belonged to the plaintiff, subject to any legal claims of defendant for commissions existing, and the court held the plaintiff was not bound to return the moneys actually paid over or be precluded from recovering any of the balance under the rule of accord and satisfaction.

The distinction between the Gribble and other like cases and the Prosser Case and this one is that claims were made in the former case for moneys due under contracts. The parties disagreed as to the amount to which the plaintiffs were entitled. The defendants sent checks for certain amounts to be accepted, if at all, in full payment and satisfaction of their claims. The checks were retained and suits afterwards brought to recover the balances claimed. There was no question, as in the latter cases, of title to the moneys sent. The rule of accord and satisfaction was improperly applied in view of the Prosser Case.

Judgment of Special Term reversed and judgment of City Court affirmed, with costs in this court and in Special Term to appellant. All concur.