(81 Misc. Rep. 185.)

### WOLFE v. MACK.

(Supreme Court, Appellate Term, First Department. June 18, 1913.)

1. ATTORNEY AND CLIENT (§ 144*)—CONTRACT FOR FEES—CONSTRUCTION—"RECOVERY."

Where an attorney in a contract for fees specified for 20 per cent. of any recovery in the case, the word "recovery" should be construed in the sense of restoration or vindication of the client's rights by a formal judgment or decree of a competent court at his instance and suit, or the obtaining by such judgment of some right or property which had been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

142 N.Y.S.—28

taken or withheld from him; and hence the attorney would not be permitted to claim that the contract only provided for fees in case of settlement without suit.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*

For other definitions, see Words and Phrases, vol. 7, pp. 6019, 6020.]

2. ATTORNEY AND CLIENT (§ 117*)—MONEY COLLECTED—RELATION OF PARTIES.
The relation between an attorney and his client with reference to money collected by the attorney is not that of debtor and creditor, but the fiduciary one of principal and agent, since the money belongs absolutely to the client, and he can compel the attorney to pay it over by summary proceedings.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 232, 234, 235; Dec. Dig. § 117.*]

3. ATTORNEY AND CLIENT (§ 190*)—ATTORNEY'S LIEN—ADJUSTMENT—SUMMARY PROCEEDINGS—PAYMENT OF MONEY.
Where an attorney asserts a lien for fees in summary proceedings to compel him to pay over money collected for his client, the lien will be adjusted in that proceeding, and judgment rendered requiring him to pay over the balance.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

4. ATTORNEY AND CLIENT (§ 186*)—CONTRACT FOR SERVICES—ATTORNEY'S LIEN.
Where an attorney pays over the balance over and above the amount which he claims for services, his lien on the amount so paid is terminated, and only attaches to the amount held by him, which is still subject to adjustment by the court, either in summary proceedings or in an action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 393; Dec. Dig. § 186.*]

5. ACCORD AND SATISFACTION (§ 11*)—ATTORNEY AND CLIENT.
Where an attorney, having made a settlement of a claim for his client, sent him a check for the proceeds, less 33⅓ per cent. which he retained as fees, he could not, by notifying the client that he accepted and cashed the check in full settlement of his claim, establish an accord and satisfaction; such doctrine not applying to a payment by an attorney to his client.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 75–82; Dec. Dig. § 11.*]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Moses Wolfe against James F. Mack. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Williams & Thomas, of New York City, for appellant.

James F. Mack, of New York City, pro se.

PAGE, J. This action is brought by a client against his attorney to recover a balance of money had and received. The plaintiff had a claim against the Jewelers' Safety Fund Society under a policy of insurance that he had unsuccessfully attempted to adjust. He retained the defendant, an action was brought, and a recovery had in plaintiff's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

favor. A dispute then arose as to the amount of defendant's compensation; the plaintiff claiming that defendant had agreed to accept 20 per cent. of the recovery for his services, and the defendant claiming to be entitled to 33⅓ per cent. thereof. The defendant sent plaintiff a check for $1,025.35, upon which was written, "Wolfe v. Jewelers' S. F. S., in full settlement." The letter accompanying the check stated:

"In accordance with our agreement of last evening, I inclose my certified check for $1,025.35 in full settlement. Kindly sign the inclosed receipt in full as agreed."

The plaintiff retained the check, but immediately wrote to the defendant that he would not accept it in full settlement, and demanded the balance. Defendant thereupon wrote to the plaintiff:

"You cannot keep that check, in view of the statement * * * that it was in full settlement in both letter and check, and claim a balance due you, because this is contrary to our agreement, contrary to the terms under which the check was sent, and will be in accord and satisfaction."

Some three weeks later a letter was written to defendant on behalf of plaintiff, stating that he still had the check, and declining to accept upon the terms stated in the letter. Defendant did not answer this letter, and refused to pay the balance on demand. The plaintiff deposited the check and brought this action. Judgment has been given in favor of the defendant.

[1] At the time plaintiff retained defendant he paid him $25 and received the following:

"June 24, 1911.

"Received of Mr. Wolfe $25 in the case of Wolfe v. Jewelers' Safety Fund Society; it being understood that I am to have, in addition to said $25, 20 per cent. of any recovery in said case.          James F. Mack."

The defendant claims that it was the understanding of the parties that this 20 per cent. was to be for any adjustment of the claim or collection thereof without action. If this were the fact, he used very inept language to express the idea. The word "recovery," in law, means:

"The restoration or vindication of a right existing in a person, by the formal judgment or decree of a competent court, at his instance and suit, or the obtaining by such judgment of some right or property which has been taken and withheld from him." Black's Law Dictionary.

Therefore an attorney should not be allowed to urge that, when he used the words "recovery in said case," he did not intend thereby that he should prosecute, or even bring, an action, but that he intended to only agree to collect by amicable negotiation, without suit. The attorney claims that at about the time the complaint was verified he told the plaintiff that he should claim a reasonable fee, and again he testified that after he had collected the judgment he informed the client that he demanded one-third of the recovery as a fair and reasonable fee, and that after some discussion the plaintiff agreed to his making such deduction from the recovery. Both of these statements were flatly denied by the plaintiff; and if the learned trial justice had resolved these contested questions of fact in defendant's favor, and given judgment on that ground, I would not be inclined to interfere with his

decision. He has, however, expressly given judgment for the defendant upon the ground that:

"The acceptance of the check, after notice to plaintiff by defendant in writing, operated as an accord and satisfaction."

[2-4] With this conclusion I cannot agree. The relation between attorney and client, with regard to money collected, is not that of debtor and creditor, but the fiduciary one of principal and agent. The money belongs absolutely to the client, and he can compel the attorney to pay it over by summary proceedings. If in such proceeding the attorney asserts a lien, his lien will be adjusted, and he will be required to pay over the balance. But if he pays over the balance, over and above the amount which he claims for services, his lien on the amount paid over is gone, and only attaches to the amount held by him, which is still subject to adjustment by the court, either in a summary proceeding or in an action.

[5] This identical question has been recently passed upon by the Appellate Division, Fourth Department, in General Fireproof Construction Co. v. Butterfield, 143 App. Div. 708, 128 N. Y. Supp. 407. The court said:

"The money collected by the defendant belonged to the plaintiff. The defendant at most had a lien upon it for his services, and could retain what he was legally entitled to for such services. When the defendant sent the check for a part of the money, he limited his right to compensation to the amount retained by him, and conceded that the amount sent belonged to the plaintiff. Under these circumstances the plaintiff was not bound to return its own money to defendant, under penalty of acknowledging defendant's right to the balance retained. Plaintiff had a right to retain the money paid to it, and to sue for and recover any portion of the balance to which it was entitled. It is not a case for the application of the rule of accord and satisfaction. It would not be quite fair for the defendant to say: 'I send you an amount which I concede is yours; but, if you take it, you must acknowledge you are not entitled to any part of the moneys I have retained.' Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 291 [51 N. E. 986]."

The case of Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588, relied upon by the respondent, is not an authority in support of the case at bar. In that case the attorney accepted a check in full settlement of his bill for services rendered. The liability of the client to the attorney for services rendered is that of debtor and creditor, and, of course, if there is a dispute as to the value of the services, and the client sends a check for a less amount than the attorney claims in full settlement thereof, and he accepts and retains it, an accord and satisfaction arises.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GERARD, J., concurs.

GUY, J. (dissenting). I cannot concur either in the conclusion arrived at by my learned colleagues or in the reasons advanced by them in support thereof. Their decision is predicated on the erroneous assumption that the relations between plaintiff and defendant herein

were merely fiduciary, and not contractual. The evidence shows just the contrary. Both plaintiff and defendant testified to the making of an express contract, whereby plaintiff employed defendant to collect a certain claim of insurance for plaintiff, and agreed to pay him either a contingent fee of 20 per cent. or a reasonable fee for his services. Plaintiff and defendant agree that a contract of this general character was made, though they differ as to the terms of the contract; plaintiff claiming that defendant was limited thereby to a 20 per cent. fee, and denying any subsequent modification of the contract, and defendant claiming that the 20 per cent. provision was only applicable to collection without litigation, and that there was a subsequent modification of the agreement, providing that he should receive, in addition to the 20 per cent., a reasonable fee for his services in the event of litigation. The effort to collect without litigation failed, an action was brought, the case tried before a jury, and judgment recovered in favor of plaintiff. The case was appealed, and on appeal the judgment affirmed, and the amount of the judgment, $1,440.53, collected by the defendant herein. A dispute then arose between client and attorney as to the proper amount of the attorney's fees. Plaintiff and defendant had one or more conferences on the subject, and defendant testified that on May 15, 1912, plaintiff stated to him that if he, the defendant, would send him a certified check the following morning for two-thirds of the amount collected, retaining one-third of the amount collected as his fee, plaintiff would send him a receipt in full settlement of the matter. Plaintiff denies making such a statement, but the documentary evidence introduced supports defendant's contention. On May 16, 1912, the morning following the alleged conference, defendant sent plaintiff a certified check, across the face of which was written, "Wolfe v. Jewelers' S. F. S., in full settlement," accompanied by a letter worded as follows:

"In accordance with our agreement of last evening, I inclose you my certified check for $1,025.35 in full settlement. Kindly sign the inclosed receipt in full as agreed."

On the following day the defendant received from plaintiff a letter, stating that plaintiff would not accept the said check in full settlement, but only on account, whereupon defendant wrote plaintiff as follows:

"My letter to you of the 15th inst., inclosing said check, was in full settlement, and requested you to send a receipt in full as agreed. My said check also bore on its face that it was in full settlement of the above case. You cannot keep that check, in view of the statement in my letter and the statement that it was in full settlement in both letter and check, and claim a balance due you, because this is contrary to any agreement, contrary to the terms under which the check was sent, *and it will be in accord and satisfaction.*"

This letter was dated May 17, 1912, and plaintiff returned no answer thereto until June 8, 1912, 24 days later, when a letter was written by plaintiff's direction to defendant, stating:

"Mr. Wolfe still has this check and declines to accept it upon the terms stated in your letter."

Defendant did not answer this letter, or a subsequent letter written by plaintiff to him. In my opinion, no further answer could be required from defendant, after his letter of May 17th.

While conceding that this state of facts would make out a complete accord and satisfaction as between ordinary debtors and creditors, my learned colleagues have concluded, on the authority of General Fireproof Construction Co. v. Butterfield, 143 App. Div. 708, 128 N. Y. Supp. 407, that the principle of accord and satisfaction does not apply, as between attorney and client, where the attorney has collected money on behalf of the client; that where an attorney collects money for a client, the money belongs to the client, and the attorney is only entitled to retain what he claims for his services; that in sending a check to the client, he concedes that the amount sent belongs to the client, and, under such circumstances, the client is not bound to return the money to the attorney under penalty of acknowledging the attorney's right to the balance retained, but has a right to retain the money paid and sue for and recover any portion of the balance to which the client is entitled. In the case cited the learned Appellate Division bases its decision upon what I deem to be an utter misconception of the principle laid down in Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 301, 51 N. E. 986. The ground of the decision in the latter case is that, in view of a rescission agreement entered into between plaintiff and defendant, there was no basis for defendant's claim for commissions, and the court, referring to the decisions in Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, and Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, says:

"In those cases there were disputed claims, and the checks were deemed to have been offered in each instance as a settlement. * * * In the case under consideration we have no such tender of checks as a settlement between the parties."

In the case at bar we have, not only a tender of the check in full settlement, as shown by the indorsement on the face of the check and the contents of the letter accompanying it, but a subsequent reiteration by the defendant that, if used, the check must be accepted in full settlement of the controversy. The decision of the learned Appellate Division, Fourth Department, in General Fireproof Construction Co. v. Butterfield, supra, is furthermore in direct contravention of the rule laid down in every recent decision of our highest court of review and of the Appellate Division of the First Department, which it is our duty to follow.

In Dunn v. Whalen, 120 App. Div. 729, 105 N. Y. Supp. 588, the principle of accord and satisfaction is applied where the attorney has received and retained a check sent by the client in full settlement of the attorney's claim. It is naively suggested in the majority opinion herein that this only furnishes authority for applying the principle of accord and satisfaction to the attorney, not for applying it to the client; but it is a novel and most unjust proposition that, where parties have entered into contractual obligations, a universally recognized principle of law may be invoked by one of the contracting par-

ties, but must be denied to the other. If the matter in dispute is properly the subject of accord and satisfaction, either party to the dispute is entitled to invoke that principle.

I deem it equally fallacious to contend that defendant's lien for services only applied to so much of the money collected as represented his fees. The rule is well established that, where an action at law has been begun, the attorney's lien for services applies to the entire subject-matter of the controversy and the proceeds thereof. Code of Civil Procedure, § 66; Matter of Regan, 167 N. Y. 338, 343, 60 N. E. 658. In this case the money collected after judgment was deposited in the attorney's bank account. It did not belong, as suggested, to the plaintiff alone, but was the joint property of plaintiff and defendant in proportion to their respective interests therein. It was not separable or distinguishable, after deposit, from the other moneys in defendant's account; but plaintiff was entitled to recover from the defendant, on an accounting between them, the amount so collected less the proper fee of the defendant as attorney. The amount of his claim was matter of dispute, which the trial judge, acting without a jury, may be assumed to have decided in favor of the defendant, even though in his opinion he states that the acceptance and retention of the check constituted in itself an accord and satisfaction. In the light of all the evidence in the case, the acceptance and retention of the check did establish an accord and satisfaction. To hold that the principle of accord and satisfaction cannot apply to the adjustment of a dispute of this character is to hold, in effect, that the principle does not exist; for in every conceivable case where the doctrine is sought to be applied the person paying the money admits that the person receiving it is entitled to at least that amount, and that the person making the payment is only entitled to what he retains.

The principle underlying accord and satisfaction is not merely the admission of the person paying money that a certain amount belongs to the recipient thereof, but also the implied admission of the person receiving the money, which arises from his retention thereof, where it is unequivocally tendered as in full settlement. The decisions of the Court of Appeals on this point are too numerous to leave room for doubt. When money is tendered in full settlement of a matter as to which there has been a genuine dispute, "the law permits but two alternatives, either reject or accept in accordance with the condition." Logan v. Davidson, 18 App. Div. 356, 357, 45 N. Y. Supp. 961. See, also, Jackson v. Volkening, 81 App. Div. 36, 80 N. Y. Supp. 1102, affirmed 178 N. Y. 562, 70 N. E. 1101; Fuller v. Kemp, supra.

"Where a debtor offers a certain sum of money in full satisfaction of an unliquidated demand, and the creditor accepts and retains the money, his claim is canceled, and no protest, declaration, or denial on his part, so long as the condition is insisted upon by the debtor, can vary the result." Fuller v. Kemp, supra.

"If a demand is unliquidated, the acceptance of a part and an agreement to cancel the entire debt furnishes a new consideration, found in the compromise, which will support an accord and satisfaction. A demand is not liquidated, even if it appears that something is due, unless it appears how much is due; and *when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is*

*regarded as unliquidated*, within the meaning of that term as applied to the subject of accord and satisfaction. If, when the amount of an indebtedness is in dispute, the debtor sends the creditor a check for the sum conceded by the debtor to be due, with an unsigned receipt 'in full' and a letter requesting the signing and return of the voucher, the offer of payment is to be deemed made upon the condition of its acceptance in satisfaction of the debt; and if the creditor retains the papers, and, after claiming a larger sum, and the refusal of the debtor to pay anything more, indorses and collects the check, such acceptance of the check imports an election to be bound by the condition on which it was offered, and constitutes an accord and satisfaction, which will not be affected by the creditor's subsequently sending the debtor a receipt 'on account,' unless such receipt is acquiesced in by the debtor." Nassoiy v. Tomlinson, supra.

Proper deference for the views of our highest court of review and for the decisions of the Appellate Division of this First Department requires an affirmance of the judgment in this case.