[Civ. No. 5007. First Appellate District, Division Two.—October 26, 1925.]

## WILLIAM H. EGAN, Appellant, v. RALPH W. CROWTHER, Respondent.

[1] TRIALS—PLEADING—ACCORD AND SATISFACTION—EVIDENCE—ORDER OF PROCEDURE.—In an action to recover a judgment for moneys alleged to be due and owing to the plaintiff pursuant to the terms of an oral contract, where the defendant appears and files an answer denying the material averments of the complaint and pleading an accord and satisfaction, the court is at liberty to change the ordinary course of procedure and take up the issue of accord and satisfaction first.

[2] ID. — ISSUES — EVIDENCE — FINDINGS — APPEAL. — In such action, where the trial court, after hearing the evidence on the issue of accord and satisfaction, and without any objection from either party, proceeds immediately to hear the evidence of the parties on the other issues presented by the pleadings, but on the conclusion of the case makes findings sustaining the plea of accord and satisfaction and does not make any findings regarding the allegations of plaintiff's complaint, it must be assumed on appeal, in the absence of anything in the record to the contrary, that the trial court, in ruling on said special plea, considered all the facts and gave each circumstance such importance as it was entitled to.

[3] PRINCIPAL AND AGENT — ACCORD AND SATISFACTION — SUBSEQUENT SUIT FOR UNPAID BALANCE.—Where the relation of the parties is that of principal and agent, and not that of creditor and debtor, and the agent renders to the principal an account which he asserts

is a correct statement of the moneys due to the latter, accompanied by his check in payment of the amount therein shown to be due, and the principal maintains that the account as rendered by the agent is not correct, but he cashes the check, the doctrine of accord and satisfaction does not apply, and the principal may thereafter maintain an action against the agent for any balance due.

[4] ID.—PERFORMANCE OF DUTY—CONSIDERATION FOR NEW CONTRACT. Neither a promise to perform a duty nor the performance of a duty constitutes a consideration sufficient to support a new contract.

[5] ID.—EVIDENCE—FINDINGS—APPEAL — REVERSAL — DIRECTED JUDGMENT.—In an action to recover a judgment for moneys alleged to be due and owing to plaintiff pursuant to the terms of an oral contract, where defendant appears and files an answer denying the material averments of the complaint and pleading an accord and satisfaction, and the trial court, after hearing the evidence on the issue of accord and satisfaction, proceeds immediately to hear the evidence of the parties on the other issues presented by the pleadings, but on the conclusion of the cases makes findings sustaining the plea of accord and satisfaction and does not make any findings regarding the allegations of the complaint, and the appellate court finds the evidence insufficient to sustain the finding of accord and satisfaction, the judgment will be reversed and the trial court directed to make findings in accordance with the views expressed in the opinion of the appellate court and also to make findings on the other issues which were tried but on which no findings were made and, thereafter, to enter judgment in accordance with the findings so made.

---

(1) 38 Cyc., p. 1270, n. 30.    (2) 4 C. J., p. 776, n. 50, 51.    (3) 1 C. J., p. 560, n. 75, p. 561, n. 85; 12 C. J., p. 320, n. 72.    (4) 13 C. J., p. 351, n. 27.    (5) 1 C. J., p. 582, n. 33; 4 C. J., p. 1201, n. 44.

APPEAL from a judgment of the Superior Court of Alameda County.  T. W. Harris, Judge.  Reversed.

The facts are stated in the opinion of the court.

James D. Whalen for Appellant.

David C. Dutton for Respondent.

---

4.  See 6 Cal. Jur. 179; 6 R. C. L. 664.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover a judgment for moneys alleged to be due and owing to the plaintiff pursuant to the terms of an oral contract. The defendant appeared and filed an answer denying the material averments of the complaint and pleading an accord and satisfaction. Judgment went for the defendant and the plaintiff has appealed.

In August, 1922, the defendant bought for the plaintiff a lot of hay from one Scott. It was estimated that the lot contained 500 tons; but later it transpired that the quantity had been overestimated. The plaintiff informed the defendant that the actual quantity as shown by the weights was 375 tons and that he was attempting to negotiate an adjustment with Scott. Nevertheless the plaintiff paid the defendant $125.

Later in the year the defendant and the plaintiff entered into an oral contract by the terms of which the defendant undertook to go into the country and purchase hay and, after the market price had increased as the parties expected, then the defendant would sell the hay and the parties would divide the profits equally. The plaintiff undertook to finance the enterprise. So far we have stated the facts that are not in dispute. It was claimed by the plaintiff that the defendant was, under the terms of the agreement, to pay his own expenses for board, lodging, and transportation and was to pay one-half of the losses if any were incurred. On the other hand it was claimed by the defendant that his expenses for board, lodging, and transportation were to be paid out of the proceeds first and then that the profits would be divided. It was further contended by the defendant that he did not agree to share losses if any were incurred.

The defendant went into the field and made the purchases. Shortly thereafter the market commenced to fall, instead of rising as the parties had anticipated. By mutual consent the hay purchased was sold by the defendant and in January the parties commenced to adjust their accounts. The defendant prepared an account including the purchase of the Scott hay as well as the hay purchased in November and in the account he inserted a charge for his expenses and gave credit for moneys received. That account showed that he

had been overpaid $106.60. On February 1st, he wrote to the plaintiff a letter and inclosed therewith the statement of the account of his check for $106.60. The first paragraph of the letter is: "Enclosed find statement covering our account to date also check in the sum of $106.60, same being in settlement of this account." After the plaintiff received the defendant's letter and inclosures he had a telephone call from the defendant. In the telephone conversation the plaintiff asked the defendant to call. The defendant promised to do so on the following Monday. He did not do so and thereupon the plaintiff prepared a statement of the account as he contended it should be. In the account so prepared by him he computed the loss on each of the lots of hay purchased which losses totaled $1,051.10. He charged the defendant with one-half of the losses, he charged him with moneys received from sales and gave him credit for the check on account and thus struck a balance of $981.05. Thereafter he took the account so prepared by himself and the check that had been forwarded by the defendant to his attorney, James D. Whalen, Esq.

On February 15, 1923, Mr. Whalen wrote the defendant a letter asking him to call. About ten days later the defendant called and in the conversation held between Mr. Whalen and the defendant the defendant stated the terms of the contract between himself and the plaintiff, and Mr. Whalen stated the terms of the contract as the plaintiff contended the terms were. The conversation resulted in no agreement and the defendant left Mr. Whalen's office saying that he would confer with his own attorney and that Mr. Whalen would later hear from him or his attorney.

In that conversation the defendant made it clear that he had not agreed to pay part of the expenses or to share in the losses. Mr. Whalen made it clear that the plaintiff claimed the right to retain the check for $106.60 but that the plaintiff would sue for the balance claimed by him to be due. In reply to that statement the defendant did not recede from his original position to the effect that the account as rendered by him was in all respects true and correct. In that conversation Mr. Whalen claims that he handed the check back to Mr. Crowther; nevertheless it is not even disputed that when Mr. Crowther left Mr. Whalen's office the check was still in Mr. Whalen's office and was

thereafter retained by him and was later cashed by the plaintiff.

On February 26th, David C. Dutton, Esq., acting as attorney for the defendant, wrote Mr. Whalen that the defendant had stated the facts to him and that the position of the defendant was that the account which ·he had rendered was true and correct. No further correspondence was had and no other conversations were had. On March 24, 1923, the plaintiff cashed the check for $106.60; and, on March 29, 1923, this action was commenced.

[1] When the case was called for trial and the issues were stated the trial court stated that if an accord and satisfaction had been had that would terminate the controversy and therefore the trial court would take up that issue first. Neither party made any objection and the court proceeded accordingly. When that issue had been tried, without any objection from either party, the court immediately proceeded to hear the evidence of the parties on the other issues presented by the pleadings. The appellant claims that the trial court erred in the procedure adopted. In this contention we think he is mistaken. The trial court is at liberty to change the ordinary methods of procedure when by so doing the time of the court and the parties will be conserved rather than wasted. (*Whittier* v. *Stege,* 61 Cal. 238; 38 Cyc. 1305 and 1352.)

[2] After the trial had been completed and all of the evidence had been introduced the trial court made findings sustaining the plea of accord and satisfaction and did not make any findings regarding the allegations of plaintiff's complaint. In ruling on the defendant's plea the appellant contends that the trial court should have considered the facts stated in the plaintiff's complaint. As we understand him he contends that the trial court should have given consideration to all of the circumstances of the case as adduced at the trial. The answer is that the record does not show that the trial court did not do so and in the absence of anything in the record to the contrary we must assume that the trial court did consider all of the facts and gave each circumstance such importance as it was entitled to. The appellant also contends that the trial court erred in making the finding sustaining the defendant's plea of an accord and satisfaction. The respondent controverts that conten-

tion and relies upon *Lapp-Gifford Co.* v. *Muscoy Water Co.,* 166 Cal. 25 [134 Pac. 989], and cases there cited. [3] The appellant does not question the soundness of the doctrine stated in the foregoing authorities but contends that the facts developed at the trial of this case do not show an accord and satisfaction, and in making this contention he claims that there was no new consideration to support an accord and satisfaction because this appellant, in any event, was entitled to all he received. He specially stresses the fact that the relation existing between the parties in the instant action during the time that the matters occurred which gave rise to this litigation was the relation of principal and agent and not that of debtor and creditor. Thereupon he makes the contention that the authorities cited by the respondent do not apply, are not in point, and that the authorities which are in point are such cases as *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289 [51 N. E. 986], *General Fireproof Const. Co.* v. *Butterfield,* 143 App. Div. 708 [128 N. Y. Supp. 407], and *Wolfe* v. *Mack,* 81 Misc. Rep. 185 [142 N. Y. Supp. 433]. The point has not been passed on in this state. It was within the issues but was not presented to, nor ruled on, by the court in *Johnston* v. *Burnett,* 17 Cal. App. 497 [120 Pac. 436]. In the case of *General Fireproof Const. Co.* v. *Butterfield, supra,* the supreme court of New York said: "The money collected by the defendant belonged to the plaintiff. The defendant, at most, had a lien upon it for his services, and could retain what he was legally entitled to for such services. When the defendant sent the check for a part of the money, he limited his right to compensation to the amount retained by him, and conceded that the amount sent belonged to the plaintiff. Under these circumstances, the plaintiff was not bound to return his own money to defendant under penalty of acknowledging defendant's right to the balance retained. Plaintiff had a right to retain the money paid to it, and sue for and recover any portion of the balance to which it was entitled. It was not a case for the application of the rule of accord and satisfaction. It would not be quite fair for the defendant to say, 'I send you an amount which I concede is yours, but, if you take it, you must acknowledge you are not entitled to any part of the moneys

I have retained.' *Eames Vac. B. Co.* v. *Prosser,* 157 N. Y. 301 [51 N. E. 986]. In that case, as in this one, the moneys collected belonged to the plaintiff, subject to any legal claims of defendant for commissions existing, and the court held the plaintiff was not bound to return the moneys actually paid over or be precluded from recovering any of the balance under the rule of accord and satisfaction.

"The distinction between the Gribble and other like cases and the Prosser Case and this one is that claims were made in the former case for moneys due under contracts. The parties disagreed as to the amount to which the plaintiffs were entitled. The defendants sent checks for certain amounts to be accepted, if at all, in full payment and satisfaction of their claims. The checks were retained and suits afterwards brought to recover the balances claimed. There was no question, as in the latter cases, of title to the moneys sent. The rule of accord and satisfaction was improperly applied in view of the Prosser Case." Every cent that the defendant paid to the plaintiff he was in duty bound by the terms of the contract to have paid. **[4]** It is well settled that neither a promise to perform a duty nor the performance of a duty constitutes a consideration sufficient to support a new contract. (*Marinovitch* v. *Kilburn,* 153 Cal. 638 [96 Pac. 303]; 1 Williston on Contracts, sec. 120.) Resting its argument on the principle just referred to, the supreme court of Massachusetts reaches the same conclusion as the supreme court of New York. (*Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.,* 216 Mass. 204 [Ann. Cas. 1915A, 949, and note, 51 L. R. A. (N. S.) 315, 103 N. E. 695].)

The foregoing authorities rule the point. **[5]** In view of the fact that the relation of principal and agent existed between the plaintiff and the defendant the evidence was insufficient to sustain the finding of an accord and satisfaction. As we have already indicated the trial court heard all of the evidence offered as to all of the issues made by the pleadings but did not make findings on any issue excepting that of accord and satisfaction.

The judgment is reversed, but in view of the peculiar condition of the record the trial court is directed to make findings in accordance with the views herein expressed and

to also make findings on the other issues which were tried but on which no findings were made and, thereafter, to enter judgment in accordance with the findings so made.

Langdon, P. J., and Nourse, J., concurred.