George H. COX, also known as George M. Cox, Appellant,

v.

ENGLISH–AMERICAN UNDERWRIT-ERS and The London & Lancashire Insurance Company, Ltd., Appellees.

No. 15235.

United States Court of Appeals Ninth·Circuit.

April 19, 1957.

Devlin, Diepenbrock & Wulff, Sacramento, Cal., L. C. Smith, Leander W. Pitman, Redding, Cal., for appellant.

George H. Hauerken, Cyril Viadro, Hauerken, St. Clair & Viadro, San Francisco, Cal., Kennedy & Caldwell, Redding, Cal., for appellees.

Before BONE, FEE, and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

A summary judgment was granted in this case upon the motion of the defendant Insurance Company, on the ground that compliance with the conditions precedent to action had not been complete when the complaint was filed. The sole question is whether the District Court failed to try and adjudicate genuine issues of material fact in entering such a judgment.

Certain facts are established by the affidavits. Cox purchased an insurance policy from the company on his dwelling and household goods and paid the premium. Shortly thereafter, on January 25, 1953, all insured property was destroyed by fire. Cox furnished a great deal of information respecting the property and its value in the months following the fire, and filled out and executed proofs of loss. The adjustment bureau for the company demanded that Cox remedy defects by filing amendments to the proofs of loss and also demanded that Cox be examined under oath, as required by the policy. Upon consulting a lawyer, Cox refused to submit to such examination, but brought action on the policy in the state court in June. In the answer, the company set up that Cox had refused to be examined under oath, that the proof of loss was defective, and denied that any sum was owing on the policy. Nothing was alleged in the answer as to failure to agree on the amount of damage or an appraisement.

Cox testified fully at the trial respecting the amount of the loss, under oath. On November 4, 1953, a nonsuit was granted by the state court in which the action was pending. Thereafter, by letter dated December 21, 1953, to the insurers, Cox offered to submit to oral examination. On December 23, the carriers wrote to him setting his examination under oath for January 7, 1954. In the same letter, the insurers demanded an appraisal under the policy and designated their appraiser, and asked that Cox appoint his. Due to an erroneous address, this letter did not reach Cox until January 6, 1954. Cox was examined under oath on January 7. On January 13, Cox appointed his appraiser and mailed a supplemental proof of loss to the insurers. At this time, Cox made a demand that payment be made on or before January 22, stating that failure should "constitute an unconditional refusal to pay and a denial of liability." Two days thereafter, the appraiser appointed by Cox wrote a letter to the appraiser for the insurers, offering to proceed, but received no answer until January 27.

In order to prevent the lapse of the time fixed for suit under the policy, Cox brought action in the state court for the alleged loss. The action was removed to the federal court by the insurers. It was not until March 29, 1955, that the appraisers and the court appointed umpire

set the actual cash value of the loss at a sum greater than $13,000.00. Cox then tendered a supplemental complaint in the federal court.

The insurers filed a motion for summary judgment. The District Court granted this motion and refused to permit the filing of a supplemental complaint.

The position of the insurers upheld by the trial court is that there had not been an arbitration of the actual cash value or amount of loss, and that such an arbitration by the terms of the insurance policy is a condition precedent to suit on the policy.

The policy contains these provisions:

"Appraisal

"In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand.

"Suit

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

Cox set up in his complaint that he had "duly performed all the conditions on his part to be performed," and pleaded the furnishing of the proofs of loss, supplemental proofs of loss and the acts done by both parties in fulfillment of the appraisal clause before January 22, 1954. In the answer, defendant generally denied the allegations of the complaint and set up affirmatively (1) that proof of loss was not furnished within sixty days, (2) that Cox refused to submit to examination under oath, (3) that plaintiff and defendant failed to agree as to the loss and defendant demanded an appraisal, which "has not yet been completed and no award has been filed by the appraisers," (4) that, on information and belief, plaintiff misrepresented material facts, and (5) that plaintiff failed to furnish an inventory.

Upon the face of the pleadings, it is perfectly apparent that there are several genuine issues of material fact. There is a question of whether there was any failure of Cox and the insurers to agree as to the amount of loss up until December 23, 1953, at least. The insurers had not pleaded this defense in the former action. In any event, there is no plain requirement in the policy that the appraisement should have been completed before action was brought.

■ But the key questions of fact in the situation were the presence of waiver by the insurers or estoppel by their conduct. Cox is entitled to rely upon such factors to rebut the affirmative defenses. It is perfectly plain that the affidavits indicate reliance upon waiver and estoppel. The opinion of the trial court indicates that he decided as a matter of law that there was no waiver. However, this question is one of fact, not of law. The conditions precedent to recovery on an insurance policy can always be waived. A solution of a question of intent and knowledge of the person alleged to have waived a condition precedent is required. Similarly, an array of facts does not prove or disprove the existence of an estoppel unless the intention of the party sought to be estopped and the effect upon the party claiming the estoppel have been appraised. If all the matter in the record on motion for summary judgment had appeared on the face of the complaint, no court would sustain a motion to dismiss or a demurrer thereto.

■ It is at times a difficult problem to determine whether a question of fact or law is presented. If a party has a right to jury trial upon a possible issue of fact, the courts should be extremely cautious that it be not denied him. In the instant case, there seems to be a disposition of the company to set up a series of technical defenses *after loss*. It is not according to the disposition nor

within the power of the courts to deprive the company of any right or defense.

■ Plaintiff urges that the company attempted to exercise such rights under the policy in series so that the consensual limitation would run against him. This latter provision makes suit within a year a condition precedent to recovery. But, like all such conditions effective after loss, it may be waived by the company in whose favor it runs. Likewise, conduct of the agents of the company which lulled plaintiff into believing that no further action would be required whenever he filed amended proof might conceivably be construed by a trier of fact to constitute an estoppel. Beyond this, when the company demanded an appraisal or arbitration under a stipulation of its contract, it might be a question of fact as to whether the company did not by the very demand itself waive the condition as to suit within a year until after the arbitration had been accomplished. Research has uncovered no case where it was held as a matter of law that the limitation might not then be extended to accomplish the action demanded by the company and for its benefit.

■■ The company urges that it was incumbent upon plaintiff to give an examination under oath and to himself demand an appraisal or arbitration. As to the latter, he had a right but was under no obligation. He had been examined under oath, and the company accepted it. He had amended the proof of loss, and the company accepted this. It may be the company thereby waived his previous delinquency. He had appointed his appraiser upon demand of the company, and declared himself ready to proceed. Under all these circumstances, might not the trier of fact hold that the plaintiff had complied with all conditions upon his part to be performed? It is now of record that the arbitration fixed the loss. This indicates that the dispute is now resolved and the conditions performed. It might be held by a trier of fact that, all conditions having been performed by

plaintiff or performance waived by defendant, when the latter made demand at a late date for appraisal or arbitration, it was estopped from claiming that plaintiff must bring his suit within a year from loss. A supplemental complaint is proper to raise such issues.

It is far from the intention to suggest any solution either one way or the other of these difficulties. But it seems inescapable that there are questions of fact unresolved. It *may* be plaintiff is entitled to jury trial on some or all thereof.

There have been a great many California decisions used to make a mosaic which purports to show that plaintiff is not entitled to maintain the action. But these opinions are almost universally founded on a record of evidence of facts. The appellate courts were not holding as a rule of law in such cases that a combination of particular facts must always be decided according to a set formula, but only that, in the setting of the surrounding circumstances shown in the particular record, certain principles of law controlled. But here the facts as to knowledge, intent and reliance have not been proved. There has been no trial. We hold there must be one.

■ In haste to dispose of a crowded calendar, a trial judge may be misled into believing a summary judgment is a quick solution for a problem. But this highly effective device should not be used as a substitute for trial on the facts and law. Especially is this true where the parties are entitled to trial by jury. It may be that plaintiff cannot win this lawsuit before a jury. The mere fact that the trial judge conceives this to be true does not endow him with authority to take the place of the jury and decide hotly contested issues of fact.

The summary judgment is set aside and the cause remanded for trial upon the issues. The order denying the filing of a supplemental complaint is also set aside.

Reversed.