Stanley L. AVERY and Elizabeth Louise Avery, Plaintiffs,

v.

The SCHUMAN COMPANY, Defendant.

No. 685–57.

United States District Court
S. D. California,
Central Division.

March 17, 1958.

Henry C. Rohr, Los Angeles, Cal., for plaintiffs.

**908**

Irwin M. Fulop, Berne Rolston and Marvin G. Burns, Beverly Hills, Cal., for defendant.

YANKWICH, Chief Judge.

Plaintiffs seek to recover damages for alleged breach of a contract between them as growers and the Schuman Company, a corporation, entered into on August 16, 1954, for the picking and marketing by the defendant of their 1955 grape crop grown upon their lands situated in Riverside County.

The complaint alleges that because of the delay in picking the crop, the prices dropped and by reason of such drop, the plaintiffs were damaged when the defendants sold the crop at a reduced price.

The answer denies the allegations of the complaint and pleads the acceptance by the plaintiffs on August 29, 1955, of the sum of $6,791.21—tendered in the form of a check with the statement "settlement of 1955 crop deal as per statement", as constituting both an accord and satisfaction and a final statement of an account—which bars recovery.

On the basis of affidavits and statements contained in deposition of plaintiff Stanley L. Avery, the defendant has moved for summary judgment under Rule 56, Federal Rules of Civil Procedure. The contention is that—because some complaint had been made about the delay in harvesting the plaintiffs' crop and it was admitted by the plaintiff Stanley L. Avery that he saw the statement which accompanied the check and the legend on it, that he made no objection to the amount of the final check, before cashing it—there was an account stated and an accord and satisfaction which preclude recovery.

■ Courts of Appeals, including our own, have warned us repeatedly, in recent years, that summary judgment should not be resorted to as a means of disposing of litigation, if there is "any doubt" as to the facts. One of the latest warnings of our own Court of Appeals was contained in Cox v. English-American Underwriters, 9 Cir., 1957, 245 F.2d 330,

at page 333, in which Judge Fee, speaking for the Court, stated:

"In haste to dispose of a crowded calendar, a trial judge may be misled into believing a summary judgment is a quick solution for a problem. But this highly effective device should not be used as a substitute for trial on the facts and law. Especially is this true where the parties are entitled to trial by jury."

And see, Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645, 653–654; Clark v. Atlantic Coast Line R. R., 1957, 100 U.S.App.D.C. 279, 244 F.2d 368, 373–374; United States v. Gardner, 9 Cir., 1957, 244 F.2d 952; Sequoia Union High School District v. United States, 9 Cir., 1957, 245 F.2d 227, which lists in Note 5 a group of cases from the same court expressing the same view; New and Used Auto Sales, Inc. v. Hansen, 9 Cir., 1957, 245 F.2d 951, 953, 954; Utica Mutual Insurance Co. v. Rollason, 4 Cir., 1957, 246 F.2d 105; Libby v. L. J. Corporation, 1957, 101 U.S.App.D.C. 87, 247 F.2d 78, 82.

In the light of these decisions and the law of California, I believe that the matter before us cannot be decided upon the basis of the affidavits and facts presented on the motion.

■■ It is agreed that, under the law of California, whether we deal with facts resulting in an account stated or with accord and satisfaction, the problem is one of fact. California Civil Code, §§ 1473, 1478, 1521–1523; Sierra & San Francisco Power Co. v. Universal Electric & Gas Co., 1925, 197 Cal. 376, 387, 388, 241 P. 76; California Bean Growers' Ass'n v. Rindge Land & Navigation Co., 1926, 199 Cal. 168, 181, 248 P. 658, 47 A.L.R. 904; Everhardy v. Union Finance Co., 1931, 115 Cal.App. 460, 463–465, 1 P.2d 1024; Hansen v. Fresno Jersey Farm Dairy Co., 1934, 220 Cal. 402, 409, 31 P.2d 359; Alamitos Land Co. v. Texas Co., 1936, 11 Cal.App.2d 614, 618, 54 P.2d 489; Stub v. Belmont, 1942, 20 Cal. 2d 208, 218, 124 P.2d 826; Metro v.

Dickerson, 1955, 131 Cal.App.2d 106, 109, 280 P.2d 25.

When the question involved is acceptance of a lesser sum in full payment, it must appear that, at the time the payment was made, there was dispute as to the amount due, that a certain amount was tendered in full satisfaction of the debt or that the creditor, in accepting the payment, intended to accept the lesser amount in full satisfaction of the debt. This is subject to the rule that the person to whom payment is tendered cannot alter the terms of the tender. Cline v. Zappettini, 1955, 131 Cal.App.2d 723, 729, 281 P.2d 35. But he must know that it is being tendered in satisfaction of what would otherwise be a larger debt. Potter v. Pacific Coast Lumber Co., 1951, 37 Cal.2d 592, 600–602, 234 P.2d 16. These principles are enforced with greater strictness where the relation between the parties is not that of debtor and creditor, but that of principal and agent. Where the agent collects, as under a contract of the character involved in this action, money for the sale of crops for the principal, the money he turns over to his principal *is the principal's*, whether he is entitled to more or not.

In the circumstances, the Courts will not infer an accord and satisfaction upon the theory that the principal was receiving his own money whether he was getting it all or not. Several California cases have distinctly enunciated this principle. Egan v. Crowther, 1925, 74 Cal.App. 674, 680, 241 P. 900; Swerdfeger v. United Acceptance Corporation, 1935, 9 Cal.App.2d 590, 50 P.2d 818; Sharp v. Conti, 1943, 57 Cal.App.2d 1007, 1008, 136 P.2d 99; Moore v. Bartholomae Corp., 1945, 69 Cal.App.2d 474, 478, 159 P.2d 436; D. E. Sanford Co. of San Francisco v. Cory Glass Coffee Brewer Co., 1948, 85 Cal.App.2d 724, 729, 194 P.2d 127. The last case is the most decisive. It arose out of a sales agency agreement and. was terminated in the court below by summary judgment. The District Court of Appeals reversed, stating that the problem of accord and satisfaction presents at least three triable facts:

"(1) Whether there was a dispute, (2) Whether there was a consideration, and (3) Whether there was an intention to reach an accord. At the threshold the inquiry arises whether there exists a bona fide dispute respecting an *amount due.*" D. E. Sanford Co. v. Cory Glass, etc. Co., 1948, 85 Cal.App.2d 724, 729, 194 P.2d 127, 130.

The cases just given were cited. A petition for hearing by the Supreme Court *was denied* with only one Judge voting for a hearing. This fact is very important, because counsel for the defendants in the case before us have called attention to the fact that the Supreme Court in California Bean Growers' Ass'n v. Rindge Land & Navigation Co., 1926, 199 Cal. 168, 181, 248 P. 658, 663, had intimated that the rule as to accounts stated and accord and satisfaction is not altered by the fact "that the relation of principal and agent existed between the parties". The Sanford case distinctly held that the situation differs because the money paid over in the case of agency is not that of a debtor paying a creditor, but that of *an agent* turning over to his principal money that belongs to him, and applied to the situation the same elements of (a) dispute, (b) consideration, and (c) intention, in order to find an accord and satisfaction. The Supreme Court by denying a hearing, gave approval to this later and more modern rule as to accord and satisfaction when the relation of principal and agent exists.

So we are back to the statement of Justice Sturtevant in Egan v. Crowther, 1925, 74 Cal.App. 674, 680, 241 P. 900, 902, a statement which embodies the more correct rule in rather plain language:

"Every cent that the defendant paid to the plaintiff he was in duty bound by the terms of the contract to have paid."

Whatever the defendant corporation may have received for the grape crop, *it received for the plaintiffs,* to whom the money belonged. This money, excepting moneys advanced for picking, packing and hauling, marketing expenses and a commission of 7% on the net f.o.b. proceeds, the defendant was required, under the terms of the contract, to pay over within 30 days "after the last shipment" had been sold. So it becomes a question of fact, *which can be determined only after a full trial,* whether there was dispute as to the amount and whether the acceptance of the lesser amount, constituted a waiver of the breach of contract, which the plaintiffs now claim did result in damages to them. This is especially true in a case like this where the plaintiffs are not only entitled to a jury trial, but have actually asked for one. See, Cox v. English-American Underwriters, 9 Cir., 1957, 245 F.2d 330, 333.

◼ Although reaching this conclusion, we are confirmed in the view stated at the hearing that the second cause of action which claims damages of $245,000 to the value of the land by reason of the breach of the contract cannot stand. The measure of damages for failure to pick the crop promptly is the difference in the value of the crop had it been sold early and the amount actually received for it. It is conceivable that the failure to pick some crops early might injure the land by affecting its future productivity. But there is no allegation that the future bearing quality of the grape vines was actually damaged by the failure to pick early the grape crop of 1955 so as to affect permanently the market value of the land.

◼ ◼ It is the law of California that a person cannot recover in damages for the breach of a contract a greater amount than he would have gained had the contract been performed fully. California Civil Code, § 3358. And the damage for failing to pick and sell promptly

the grapes cannot exceed the amount which the plaintiffs would have received, had the crop been sold while the prices were higher. California Civil Code, § 3300.

◼ As said by the Supreme Court of California in Coughlin v. Blair, 1953, 41 Cal.2d 587, at page 603, 262 P.2d 305, at page 314:

"Damages are awarded in an action for breach of contract to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor performed the contract. (Cit. Omit.) Damages must be reasonable, however, and the promisor is not required to compensate the injured party for injuries that he had no reason to foresee as the probable result of his breach when he made the contract."

The first cause of action seeks as damages the sum of $196,033, being the alleged difference between the average received for the crop per lug $2.73082, and the higher value of $6 net per lug, which it is claimed should have been received.

◼ It follows that, as the first cause of action *already claims* the full measure of allowable damages, there can be no recovery under any legal theory for the claimed depreciation of the value of the land.

Hence the following rulings:

1. The motion for summary judgment in favor of the defendant on the entire complaint is denied. Findings and judgment to be prepared by counsel for the plaintiffs under Local Rule 3(d)(2), West's Ann.Code.

2. The alternative motion to dismiss the second cause of action is granted. Formal order and judgment of dismissal to be prepared by counsel for the defendant under Local Rule 7.