951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America for the use and benefit of CLARK
BROTHERS CONTRACTORS, Plaintiff-Appellee,
v.
BECHTEL CONSTRUCTORS CORPORATION; Industrial Indemnity
Company; United States Fire Insurance Company; Baltrusch
Construction Co., Inc.; and Commercial Union Insurance
Company, Defendants-Appellants.
 No. 89-16557.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1991.
Decided Dec. 24, 1991.
 
 Before GOODWIN, SKOPIL and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant contractors appeal from a judgment for Clark Brothers. The contractors contend that the court erred in its jury instructions, in admitting certain letters, in denying their motion for a new trial and in granting attorney fees. We reject these contentions, and we affirm.
 
 I. Jury Instructions
 
 3
 The contractors argue that the district court should not have instructed on oral contracts because Clark did not plead an oral contract in his complaint. Both parties, however, alleged oral contracts in the pretrial order, which has the effect of amending the pleadings. See Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918, 924 (9th Cir.1988). Moreover, "[a] party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." Electrical Const. & Maint. Co. v. Maeda Pacific Corp., 764 F.2d 619, 622 (9th Cir.1985). The contractors concede that the existence of oral contracts was a disputed issue at trial. The court properly instructed on oral contracts.
 
 
 4
 We also find unpersuasive the contractors' contention that they were surprised by the instructions on cardinal change and equitable adjustment. Clark alleged cardinal change in the pretrial order, and equitable adjustment was a disputed issue at trial. See Northwest, 841 F.2d at 924; Electrical, 764 F.2d at 622.
 
 
 5
 The contractors also contend that the court should not have instructed on equitable adjustment because that remedy was not available to Clark. We disagree. Clark's contract incorporated by reference the provision for equitable adjustment found in the contract between the Bureau of Reclamation and Bechtel Constructors Corporation. The contractors waived their argument to the contrary by failing to make that argument below. See Pye v. Mitchell, 574 F.2d 476, 480 (9th Cir.1978). Contrary to their contention, the court properly instructed that Clark's right to equitable adjustment was determined by the contract.
 
 
 6
 Finally, we reject the contractors' argument that the court should not have instructed on equitable adjustment because Clark failed to comply with the notice provision. Whether Clark complied with the provision or whether the provision was waived was a question of fact for the jury. See Cox v. English-American Underwriters, 245 F.2d 330, 332 (9th Cir.1957).
 
 II. Admission of Letters
 
 7
 The court did not abuse its discretion by admitting into evidence letters exchanged between the defendants because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. See Fed.R.Evid. 403; United States v. Portac, Inc., 869 F.2d 1288, 1297 (9th Cir.1989) (standard of review), cert. denied, 111 S.Ct. 129 (1990). The letters did not reveal the terms of the settlement between the defendants, as they contend, but contain claims for payment. The evidence was probative of whether the work Clark performed was additional to that required by the contract. See Gerber v. Cook, 90 Ariz. 390, 368 P.2d 458, 460 n. 1 (Ariz.1962) (conduct of parties during execution of the contract is relevant to construe an ambiguous portion of the contract).
 
 III. New Trial
 
 8
 The contractors contend they are entitled to a new trial because of the misconduct of Clark's attorney in informing the jury of the settlement between Bechtel and Baltrusch Construction Company. A trial court has considerable discretion in determining whether a new trial is warranted because it is in a far better position "to gauge the prejudicial effect of improper comments." Mateyko v. Felix, 924 F.2d 824, 828 (9th Cir.), cert. denied, 112 S.Ct. 65 (1991). To warrant a new trial, a counsel's conduct must have affected the outcome. Id.
 
 
 9
 Clark's attorney never told the jury that Bechtel had settled with Baltrusch for $1,045,000 for the extra work Clark had performed. He did tell them that Bechtel had paid Baltrusch $3,200,000 for Clark's work, and Clark only received $2,000,000 from Baltrusch. The difference between those two figures, however, is not so great that it was likely to have inflamed the jury, particularly when no one disputes that Baltrusch was entitled to make a profit on Clark's work. Counsel's statement in closing arguments that "we don't know who has the money" actually may have ameliorated any prejudice from his statements in opening argument. We cannot say that the district court abused its discretion by refusing to grant a new trial. See Mateyko, 924 F.2d at 828.
 
 IV. Attorney Fees
 
 10
 The district court properly granted Clark attorney fees pursuant to the contract. The contractors argue that the attorney fee provision in the contract does not apply because the remedy Clark sought was outside the contract. We disagree. Equitable adjustment was a remedy provided by the contract.
 
 
 11
 The contractors also argue that Clark could not receive attorney fees because he did not file the action in Montana, as required by the contract. Construing provisions as conditions precedent is disfavored. Angle v. Marco Builders, Inc., 128 Ariz. 396, 626 P.2d 126, 129 (1981). The court in Angle quoted with approval:
 
 
 12
 [T]he rule is that to make a provision in a contract a condition precedent, it must appear from the contract itself that the parties intended the provision so to operate ... It has been said that conditions precedent are not favored and the courts will not construe stipulations to be such unless required to do so by plain, unambiguous language or by necessary implication.
 
 
 13
 626 P.2d at 129-30 (quoting 17 Am.Jur.2d Contracts § 321 (1964)). The contract here does not expressly or by necessary implication make attorney fees dependent on filing in Montana. Clark did not have to file in Montana to recover attorney fees.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3