[Civ. No. 4414. Third Appellate District.—March 5, 1932.]

RIO LINDA POULTRY FARMS (a Corporation), Appellant, v. H. L. FREDERICKSEN et al., Respondents.

Butler, Van Dyke, Desmond & Harris and Arthur C. Huston for Appellant.

Ralph H. Lewis and George E. McCutchen for Respondents.

PRESTON, P. J.—The action was brought upon an account stated.

Defendant denied specifically the allegations of the complaint and in addition to his denials set up other grounds of defense, not necessary to detail.

The court below found that the allegations of the complaint to the effect that defendants were indebted upon an account stated were untrue and expressly declined to make any further findings of fact.

It was apparently the view of the trial court that the instrument relied upon by plaintiff was not a stated account and gave judgment accordingly.

The plaintiff sues as the assignee of Sacramento Suburban Fruit Lands Company and no issue is raised as to the question of the assignment, its execution or validity. Appellant relies upon a certain writing in the form of a letter addressed to defendants, and upon the written acceptance by the latter of the terms of the letter. This letter is dated February 3, 1927, and addressed to defendant and is, substantially, as follows:

This letter is written to confirm a verbal understanding of even date in reference to obligations of defendants under a certain deed of trust and a contract for deed.

Then follows a *résumé* of prior dealings and a recital of defendants' default, and a certain compromise theretofore effected. It then recites that there is remaining only a second deed of trust in an original amount of $1200 upon which payments have not been kept up and also refers to an advancement of some $196 upon which $100 has been paid. Then it is stated that to harmonize all past due items the former compromise has been effected and that by such agreement it was agreed that there should be added to the deed of trust all interest accruing to November 1, 1926, and also the balance of cash which was owing; also any taxes paid on behalf of defendants.

The letter then contained this clause: "A statement will be rendered to you within the next thirty days showing the total amount of your indebtedness, figuring everything to November 1, 1926." The letter further recites that the agreement between the parties is that $250 will be advanced to defendants and will be charged to second deed of trust

and bear interest from the date the money is actually paid out. Further, it is stated that in return for the extension granted on the present indebtedness and for the advance of the $250, the defendants have agreed to repay prior to May 1, 1927, an amount sufficient to reduce the total indebtedness to exactly $1600 and have also agreed to pay $80 quarterly and, in addition, interest which will liquidate the balance within five years. Then the concluding clause: "This letter is written in duplicate and a space is provided below for your signature, indicating that the above is in line with your understanding of what was agreed upon today."

The defendants and each of them signed the following, which was also a part of the document: "The above is in line with our understanding of what was agreed upon today and we hereby acknowledge receipt of the $250.00 cash mentioned therein."

This writing, on its face, concedes the fact that there is already a deed of trust securing the original amount of $1200, which said deed of trust is before us. This deed of trust secures the payment of five promissory notes, totaling $1200 and also is security for such additional sums as may be hereafter borrowed by the Fredericksens, respondents. An account stated has been defined as an agreed balance of accounts; an account which has been examined and accepted by both parties. (1 Cal. Jur. 189.)

It is not every debt which can form the basis of an account stated or an action thereon. It cannot become a substitute for an action of debt upon a specialty, such as a promissory note. In such a case no subsequent statement of the amount due thereon, although agreed to by the payer, can supersede the special promise so as to form the basis of an action as upon an account stated to recover the original debt. The written promise being higher evidence of the debt and the debtor being already bound thereby, there could be no necessity for a resort to a subsequent statement and promise to pay. Moreover, the debtor being already completely bound for a specified sum, there is no element of uncertainty to be settled, and no difficulty in ascertaining the balance upon conflicting claims, which could constitute a consideration for a new promise to pay, and there-

fore such promise would be a *nudum pactum*. (*Bennett* v. *Potter*, 180 Cal. 736–745 [183 Pac. 156].)

So here, the instrument pleaded as an account stated is by its terms an agreement as to what shall be included within the terms of the second deed of trust. And, indeed, the entire instrument, construe it as we will, is simply an adjustment of claims and application thereof to the deed of trust. Likewise, the instrument itself creates an indebtedness for a sum not yet advanced though receipt is acknowledged by defendants.

In *Jasper Trust Co.* v. *Lampkin*, 162 Ala. 388 [136 Am. St. Rep. 33, 24 L. R. A. (N. S.) 1237, 50 South. 337, 338], the court quotes approvingly from an earlier case as follows: "The defendant is charged with nothing but the money secured by deed. There is no consideration for the suggested new liability, except the ascertaining how much remains due on the deed. It is a perversion of language to speak of this as an account stated. It is merely a process adopted for the purpose of ascertaining how much of the original debt has been discharged and all which is really done is to make out to what extent the defendant remains liable upon the deed."

Scanning the letter closely and indulging in every inference we cannot determine therefrom the state of the account between the parties. And it is obvious that the instrument was not intended to convey that information. The limit of permissible construction leaves nothing more to be gleaned from the letter than the fact that at some future time a statement will be prepared showing what remains due under the note and deed of trust and that in consideration of an extension of time, a sum sufficient to reduce the debt to $1600 will be paid and the balance in installments. This will not measure up to the requirements of an account stated. (1 Cal. Jur. 189–196, and cases therein cited.)

For the reasons given, it is manifest that the judgment must be affirmed.

The transaction out of which the claimed indebtedness arose involved the sale to defendants by the assignors of plaintiff of a tract of land. Subsequent to the letter the defendants brought suit against the vendor alleging fraud and misrepresentation. Judgment was given against the

vendors in the sum of $6,000 which judgment has become final.

Ordinarily, an approximate justice might countenance a relaxation of the rule confining one to his original contract and permitting no recovery under a claimed account stated. But, in the instant case, it can readily be seen that rights and duties exist under the deed of trust that would be ignored if the rule were not given effect.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 4, 1932.