[Civ. No. 14725.   Second Dist., Div. Two.   June 4, 1945.]

L. H. MOORE et al., Respondents, v. BARTHOLOMAE CORPORATION (a Corporation), Appellant.

Earl D. Killion for Appellant.

Eugene Tincher for Respondents.

McCOMB, J.—This is an appeal from a judgment in favor of plaintiffs, after trial before the court without a jury, in a declaratory relief action instituted for the purpose of construing a provision in an oil and gas lease.

The undisputed facts are these:

On March 28, 1923, plaintiffs leased to defendant a parcel of land in the city of Long Beach located in the Signal Hill oil field. The lease was for the purpose of permitting defendant to drill an oil well upon the demised premises and only required defendant to drill one well upon the property. Defendant agreed to pay a royalty of one-fifth of the oil recovered to plaintiffs pursuant to the terms of the lease. De-

fendant drilled a well known as Bartholomae #3 and placed the same upon production.

A few years later there was discovered in the Signal Hill oil field a sand deeper than the one from which Bartholomae #3 was producing. It was claimed that this sand was more productive than the higher one. Plaintiffs insisted that defendant drill a well into the deeper zone or allow them to do so. This contention on the part of plaintiffs resulted in an action being filed by them against defendant.

The litigation was compromised by an agreement of the parties, dated November 9, 1928, which so far as material here provided that (a) an additional well was to be drilled by defendant to the deeper sand and upon completion thereof the royalty on Bartholomae #3 and the additional well was to be reduced to one-sixth, and (b) defendant was granted the privilege of electing to drill wells in addition to the two hereinbefore mentioned and upon completion thereof and their being placed upon production the royalty upon all wells then drilled or thereafter drilled upon the demised premises should be "one-eighth ($\frac{1}{8}$) royalty and no more."

Subsequent to November 9, 1928, (a) defendant drilled and placed on production in the deeper sand a well known as Bartholomae #6, whereupon the royalty was reduced on #3 and #6 to one-sixth; (b) commencing March 12, 1940, defendant performed work on Bartholomae #3 which may be summarized as follows:

The well was on production at 3,520 to 3,580 feet. The $4\frac{3}{4}$-inch casing was cut at 2,800 feet and pulled. The $8\frac{1}{4}$-inch and the $6\frac{1}{4}$ casing were left in the hole. The hole was plugged and abandoned from 2,800 feet down. A whipstock was run through the $6\frac{1}{4}$-inch casing and $8\frac{1}{4}$-inch casing at 2,709 feet. A new $5\frac{1}{2}$-inch hole was drilled from 2,709 feet to 3,821 feet. A new string of $4\frac{3}{4}$-inch casing was run from 2,800 to 3,821 feet. This was perforated from 3,787 to 3,792 feet to test the sands at the level at which the well first stood when originally drilled. The test was unsatisfactory so the hole was plugged back to 3,592 feet and tests were made in an upper zone without success. The next test was made from 3,525 to 3,540 feet. This is the same zone from which production was being obtained when the work started March 12, 1940. The bottom of the hole after the completion of the

aforementioned work was approximately 80 feet in a horizontal direction from the bottom of the original well. The well was again placed on production at this depth in October, 1940, and the designation thereof changed to Bartholomae #3-A. Thereafter to and including the date of the trial (February 8, 1944) defendant mailed royalty checks to the Western Trust and Savings Bank of Long Beach, which was the agent of plaintiffs for the purpose of collecting and disbursing royalty payments. These checks were all based on a one-eighth royalty.

There are three questions presented for our determination which will be stated and answered hereunder seriatim:

**First:** *Under the foregoing facts was there substantial evidence to sustain the trial court's finding that the work performed on Bartholomae #3, later designated as Bartholomae #3-A, as set forth above "did not constitute the drilling of a new or additional well" on the demised premises?*

This question must be answered in the affirmative. The foregoing facts, which were undisputed, substantially support the trial court's findings. Clearly the change in designation of the well from Bartholomae #3 to Bartholomae #3-A is without significance. The balance of the work constituted merely redrilling and reconditioning of an existing well. The same derrick was employed, the same hole was used for 2,800 feet, and the net result of the operation found the well bottomed in the same sand from which the original well had been pumping and only some 80 feet distant in a horizontal line from the bottom of the original hole.

**Second:** *Was there substantial evidence to sustain the trial court's finding that there was not a series of accounts stated between the parties?*

This question must also be answered in the affirmative. The law is established in California that a debt which is predicated upon the breach of the terms of an express contract cannot be the basis of an account stated. (*Rio Linda Poultry Farms* v. *Fredericksen,* 121 Cal.App. 433, 435 et seq. [9 P.2d 262]. See, also, 1 Cal.Jur. (1921) § 51, p. 194.) In the present case the action was instituted to recover damages arising from the breach of an express contract for the payment of money. Therefore there was not any issue before the court relative to an account stated between the parties, and the trial court

properly found that defendant's defense that there had been an account stated between the parties was not true.

Third: *Was there an accord and satisfaction between the parties as pleaded in defendant's answer?*

This question must be answered in the negative. The elements of an accord are: (1) a proper subject matter; (2) competent parties; (3) consent or meeting of the minds of the parties; and (4) consideration. (*Sierra etc. P. Co.* v. *Universal Electric etc. Co.*, 197 Cal. 376, 387 [241 P. 76].)

It is likewise settled that neither a promise to perform a duty nor the performance of a duty constitutes a consideration sufficient to support a new contract. (*Egan* v. *Crowther*, 74 Cal.App. 674, 680 [241 P. 900].)

In the instant action the fourth element of an accord is absent, for the reason that the only consideration which defendant gave to plaintiffs was the payment of sums of money which defendant was expressly bound to pay according to the terms of the oil and gas lease which constitutes the basis of the present controversy. Hence, it is obvious that there was not an accord and satisfaction which would defeat plaintiffs' claim.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.